■    In the Matter of the Claim of BENJAMIN JACKSON, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— *Per  Curiam.* Appellant made claim for unemployment insurance benefits for Federal employees under title XV of the Social Security Act (U. S. Code, tit. 42, § 1361; 68 U. S. Stat. 1130, as amd.) on the ground that he left or lost his job in the United States postal service by reason of medical advice that he retire because his physical condition required that he perform less arduous work. He appeals from a determination of the Unemployment Insurance

Appeal Board whereby his weekly benefit rate of $50 was reduced to $8, the difference being one half of the prorated weekly amount of his retirement payments under a retirement plan financed in part by his employer, the United States (U. S. Code, tit. 5, § 2251, subds. [a], [b]; 70 U. S. Stat. 743, as amd.), the reduction in rate being made in compliance with subdivisions 1 and 3 of section 600 of the New York Unemployment Insurance Law (Labor Law, art. 18) relating to retirement "under a plan financed in whole or in part by such employer" (subd. 1) and the reduction in this case being authorized if "the employer is not the sole contributor" under the plan, with the proviso, however, that "no reduction shall apply if the claimant demonstrates that the employer contributed less than fifty per centum to the plan" (subd. 3). Appellant contends that the employer contributed less than that percentage. Initially, the Government's contributions were by annual appropriations in the amounts necessary to meet its obligations under the plan but since July, 1957 employing agencies have contributed amounts matching the deductions withheld from their employees' salaries, at the rate of 6½% of basic salaries. These contributions are not made on behalf of specific employees nor are they credited to individual accounts of employees, but the cost of benefits to a specific individual in excess of that individual's own contributions is an obligation of the Federal Government (U. S. Code, tit. 5, § 2259, subd. [a]). Faced with the necessity of determining the amount that the employer "contributed" (subd. 3), the Industrial Commissioner used a recognized table of annuity values to compute the present value of the annuity payments at the rate of $368 per month, to which appellant became entitled under the retirement plan, and found such value to be in excess of $50,926, as against which appellant's contributions amounted to $6,628. It cannot be said that this method of computation or the resulting administrative determination was either arbitrary or unreasonable. Indeed, no more practicable method of computation has been suggested and no other comes readily to mind. That the value thus computed may properly be found to be the amount "contributed" is a reasonable conclusion in view of the statutory obligation imposed upon the Government; and in that aspect the obligation thus created seems no less tangible a contribution that cash paid in and invested in bonds or like obligations of the United States. Decision affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.