■ In the Matter of the Claim of JOHN SIMKO, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 10, 1974, which affirmed the decision of a referee sustaining an initial determination of the Industrial Commissioner reducing claimant's benefit rate from $95 to zero per week, pursuant to section 600 of the Labor Law. Claimant, a Federal postal employee, was mandatorily retired at age 70 with a monthly pension of $993. Where the employer contributes more than one half, but less than 100% to the plan, claimant's benefit rate is reduced by one half the prorated weekly amount of his pension. (Labor Law, § 600, subd 3.) Claimant contends that the employer contributed less than one half. His total contribution to the retirement annuity was $13,247 which would be exhausted in approximately 15 months. Since his life expectancy is clearly more than 31 months (Cahill-Parsons NY Civ Prac, Vital Statistics, Spec Rep 10–17, 1973), the Federal employer will have contributed more than one half to the value of claimant's annuity. The board, therefore, properly reduced claimant's benefit rate to zero. (Cf. *Matter of Jackson [Catherwood]*, 24 AD2d 1038, affd 20 NY2d 863.) Decision affirmed, without costs. Greenblott, J. P., Sweeney, Kane, Koreman and Main, JJ.; concur.

■ In the Matter of the Claim of MARILYN MARCUS, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 15, 1975, which reversed the decision of a referee and sustained the initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits upon the ground that she voluntarily left her employment without good cause (Labor Law, § 593, subd 1, par [a]). The conflicting versions of the hiring arrangements given by the employer and the claimant presented sharp issues of fact and credibility for the board. Such issues are clearly within the province of the board and, since its resolution of those issues is supported by substantial evidence, its decision must be affirmed (cf. *Matter of Famulare [Catherwood]*, 34 AD2d 705). Decision affirmed, without costs. Greenblott, J. P., Sweeney, Kane, Koreman and Main, JJ., concur.