■   In the Matter of the Claim of FELIPE MONTALVO, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent. Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 12, 1975, which affirmed the decision of a referee holding that since claimant failed to request a hearing within the statutory period, the initial determination of the Industrial Commissioner of loss of employment because of misconduct in connection therewith remains in effect. Claimant admitted that he received the initial determination dated and mailed to him on July 31, 1974. He did not request a hearing, however, until May 20, 1975, after waiting over nine months to do so. This was far beyond the expiration of the statutory period in which to seek a hearing (Labor Law, § 620, subd 1, par [a]). He testified he did not request the hearing earlier because he was looking for work and also because he was awaiting a statement from his former employer. The board's decision of lack of jurisdiction is clearly proper *(Matter of Merkson [Catherwood]*, 24 AD2d 675) and the initial determination remains in effect. Decision affirmed, without costs. Koreman, P. J., Sweeney, Kane, Mahoney and Main, JJ., concur.

■   In the Matter of the Claim of EDGAR FRANKEL, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 9, 1975, which affirmed the decision of a referee sustaining an initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits because he voluntarily left his employment without good cause. The circumstances surrounding claimant's separation from employment are in sharp dispute. The referee has specifically adopted the version presented by the employer and the board has adopted those findings and affirmed. Questions of fact are presented for resolution and the determination of such issues is one for the board, and, if supported by substantial evidence, must be affirmed *(Matter of Weber [Catherwood]*, 32 AD2d 697). The determination that claimant voluntarily left his employment without good cause is supported by this record *(Matter of Marcus [Levine]*, 50 AD2d 1004; *Matter of Perry [Catherwood]*, 24 AD2d 921, *Matter of Sellers [Catherwood]*, 13 AD2d 204). We find no merit in other issues raised on this appeal. Decision affirmed, without costs. Koreman, P. J., Sweeney, Kane, Mahoney and Main, JJ., concur.