■ In the Matter of the Claim of JAMES W. KENNEDY III, Appellant. COMMISSIONER OF LABOR, Respondent. [741 NYS2d 354] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 17, 2001, which ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

Claimant submitted his resignation from his position as a sales manager, giving four weeks' notice, based upon his anticipated hiring by another employer. Near the end of the four-week period, claimant learned that the prospective employer would not be able to hire him after all. The Unemployment Insurance Appeal Board subsequently ruled that claimant was disqualified from receiving unemployment insurance benefits because he left his employment for personal and non-compelling reasons.

Substantial evidence supports the Board's decision. A claimant who leaves his job based on an unfulfilled expectation of obtaining new employment may be disqualified from receiving benefits unless it can be shown that the claimant was given "a firm offer of new employment" prior to resigning (*Matter of Gillette [Commissioner of Labor]*, 264 AD2d 877, 877; *see, Matter of Wallenhorst [Edwards Elec.—Hudacs]*, 209 AD2d 809). While claimant herein undoubtedly thought that he had received a firm offer of employment, there has been no showing that the prospective employer gave him either a definite starting date or informed him of the specific amount of his salary. In the absence of this fundamental information, the negotiations were still too indefinite to constitute the requisite "firm offer" that would render claimant qualified to receive benefits (*see, Matter of Spinelli [Commissioner of Labor]*, 250 AD2d 920, 921). Claimant's remaining contentions have been

examined and found to be without merit. The decision of the Board is, accordingly, affirmed.

Cardona, P.J., Mercure, Crew III, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.