■ In the Matter of the Claim of HOLLY F. SOLANO, Formerly Known as HOLLY SNYDER, Appellant. COMMISSIONER OF LABOR, Respondent. [857 NYS2d 299]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 23, 2007, which, among other things, ruled that claimant was ineligible to receive and disqualified from receiving unemployment insurance benefits because she was unavailable for employment and had voluntarily left her employment without good cause.

In October 2005, the employer granted claimant's request for a temporary layoff and it was agreed that claimant would return to work on January 3, 2006. Claimant then applied for and received unemployment insurance benefits. In December 2005, claimant learned of a possible employment opportunity in Maryland where her fiancé lived and, as a result, submitted a letter of resignation to the employer and relocated. The Unemployment Insurance Appeal Board ultimately found that claimant was ineligible to receive benefits for the period of October 11, 2005 until January 3, 2006 because she was not ready, willing and able to work, and that she was disqualified from receiving benefits effective January 4, 2006 on the basis that she voluntarily left her employment without good cause. In addition, the Board charged claimant with a recoverable overpayment and reduced her right to future benefits upon a finding that she made willful misrepresentations to obtain benefits. Claimant appeals.

The record reflects that, although work was available, claimant requested to be laid off for personal and financial reasons. Accordingly, substantial evidence supports the Board's finding that claimant was ineligible to receive benefits as she was not ready, willing and able to work (*see* Labor Law § 591 [2]; *see also Matter of Battista [Commissioner of Labor]*, 45 AD3d 1151, 1152 [2007]). The fact that claimant inaccurately certified that she was available for work is sufficient to establish that she made willful misrepresentations to obtain benefits (*see Matter of Battista [Commissioner of Labor]*, 45 AD3d at 1152).

The record also supports the Board's determination that claimant was disqualified from receiving benefits because she voluntarily left her employment without good cause when she resigned and relocated to Maryland without a definite job offer (*see Matter of Kennedy [Commissioner of Labor]*, 294 AD2d 700, 700 [2002]; *Matter of Spinelli [Commissioner of Labor]*, 250 AD2d 920, 921 [1998]). Although claimant contends that she had a firm offer of employment, she did not present evidence that the prospective employer had given her a specific salary or start date (*see Matter of Kennedy [Commissioner of Labor]*, 294 AD2d at 700). Inasmuch as issues of credibility are for the Board to resolve, there is no basis to disturb its decision (*see Matter of Spinelli [Commissioner of Labor]*, 250 AD2d at 921).

To the extent preserved, claimant's remaining contentions have been reviewed and found to be without merit.

Cardona, P.J., Peters, Carpinello, Kane and Kavanagh, JJ., concur. Ordered that the decision is affirmed, without costs.