In the Matter of the Claim of FRANK P. PERRETTI, Respondent. NEW YORK CITY TRANSIT AUTHORITY, Appellant; COMMISSIONER OF LABOR, Respondent. [724 NYS2d 217] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 10, 1999, which, *inter alia*, ruled that claimant was entitled to receive unemployment insurance benefits.

Claimant was suspended from his employment as a sheet metal mechanic for the New York City Transit Authority as a result of a physical altercation with a fellow employee on November 29, 1995. After filing a grievance, claimant and the employer entered into a stipulation whereby claimant agreed to a 30-day suspension without pay. In addition, claimant agreed to enroll in and cooperate with an employee assistance program. When claimant attempted to return to work at the end of his 30-day suspension, the employer sent him for a psychiatric evaluation and, despite testing negative for alcohol or substance abuse, required him to complete the employee assistance program without pay before he was permitted to return to work. Claimant was not permitted to return to work until the completion of the alcohol treatment program in July 1996. The Unemployment Insurance Appeal Board ruled that claimant was disqualified from receiving unemployment insurance benefits during his 30-day suspension, but entitled to benefits during the time that he was enrolled in the alcohol treatment program. Contrary to the employer's contentions, we find no reason to disturb the Board's decision.

The record indicates that claimant had signed the stipulation with the understanding that he could return to work immediately upon the conclusion of his suspension period. Claimant's attempts to return to work were frustrated by the

employer's additional requirements that he undergo a psychiatric evaluation and alcohol counseling. To the extent that the employer asserts that claimant was not ready, willing and able to work pursuant to Labor Law § 591 (2), we note that any obstacle in this regard was caused by the employer's insistence that claimant attend an alcohol counseling program despite his negative history of any alcohol abuse (*cf., Matter of Graif [Commissioner of Labor]*, 250 AD2d 1012).

Mercure, J. P., Crew III, Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.