In the Matter of the Claim of BARBARA R. DUNN, Appellant. EDWARD CORSI, as Industrial Commissioner, Respondent.— Appeal by claimant from a decision of the Unemployment Insurance Appeal Board which disqualified claimant for benefits from December 1, 1952, through January 5, 1953, because of unavailability. In order to join her husband who expected to obtain permanent employment in Florida where for several years he had spent the winter months, claimant voluntarily left her employment as switchboard operator in Rochester on October 21, 1952. Claimant's husband did not accept possible employment in Jacksonville but continued on to Miami where he expected work with a former employer. This did not materialize and he did not become employed until about January 23, 1953, when he worked as a commission salesman. Claimant solicited orders for him and he paid her from his drawing account. They returned to Rochester at the end of March, 1953, and claimant returned to her former employment. Claimant contended that as soon as she arrived in Florida she sought work, that she answered ads, visited employment agencies and went to practically every hotel, but was unsuccessful. But in certifying her claim for benefits in Florida, she listed only one personal contact for employment for the weeks ending December 8th and 15th and two personal contacts for the weeks ending December 22nd and 29th. Section 591 of the Unemployment Insurance Law (Labor Law, art. 18), entitled "Eligibility for benefits" provides, in part: "2. Availability and capability. No benefits shall be payable to any claimant who is not capable of work or who is not ready, willing and able to work in his usual employment or in any other for which he is reasonably fitted by training and experience." Whether a person is available for employment during a specific period is a question of fact to be determined by the referee and the Appeal Board. Here there is a finding that claimant was unavailable from December 1, 1952, through January 5, 1953. The evidence sustains this finding. It seems to us that where, as here, a claimant leaves the State of New York and goes to Florida for the winter months the board may require that convincing evidence of availability for employment be submitted in order to sustain a claim for benefits. The question of availability

has been resolved against the claimant and since the record sustains this finding, it must be affirmed. Decision unanimously affirmed, without costs. Present— Foster, P. J., Bergan, Coon, Halpern and Zeller, JJ.