In the Matter of the Claim of BARBARA E. PERRY, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— *Per Curiam.* Appeal from a decision of the Unemployment Insurance Appeal Board which sustained the initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits on the ground that she voluntarily left her employment without good cause. (Labor Law, § 593, subd. 1, par. [a].) Claimant asserts "good cause " in that (1) she was paid less than the prevailing wage rate and (2) the employer increased her duties beyond those agreed upon at the time of her hiring; but, when interviewed by the local unemployment insurance office, she first described the work that she actually performed and then said, " I knew what I was supposed to do when I accepted the job. I was told my salary when I was interviewed for the job. I left because I was not making enough money * * * I spoke to [the employer] and told her the salary was not enough." The employer stated that claimant " quit * * * because she wasn't earning enough for travel back and forth ". At a subsequent hearing claimant again said: " I wasn't making enough money for the work I did ", but then testified to a number of tasks she was required to perform which she said were additional to those discussed at the time of hiring. In approving the finding of disqualification, the board cited *Matter of Sellers* (*J. W. Mays, Inc.*) (13 A D 2d 204) and said: " There the Court held that acceptance of a job at less than prevailing wages precluded a claimant from leaving the job without disqualification if there was no substantial change in the terms and conditions during the term of such employment. Here claimant accepted employment at a low rate of wages. Nothing occurred during the four weeks of her employment which materially changed the conditions of hire." In specifically finding no material change in the conditions of hire, the board obviously rejected the testimony adduced from claimant on the hearing. The determination of credibility is within the board's province. (*Matter of Fusfeld* [*Catherwood*], 19 A D 2d

678, 679.) Here claimant's testimony was inconsistent with her initial statement and at variance with the employer's report; but even had her testimony been entirely uncontradicted it would still have been the board's prerogative to assay its credibility and, absent any indication of the arbitrary exercise of the power thus conferred upon the board, as upon administrative agencies generally, we are without power to disturb its determination. Decision affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.