◼ In the Matter of the Claim of LAURA LEVEY et al., Appellants. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— COOKE, J. Appeal (1) from a decision of the Unemployment Insurance Appeal Board, filed October 14, 1968, which held that claimants were ineligible to receive unemployment insurance benefits for various periods in the years 1962 through 1966 on the ground they were not available for employment, that claimants willfully made false statements to obtain benefits, that claimant Laura Levey was overpaid $3,822 in benefits and claimant Silas Levey $2,304.25 and that the forfeiture periods for willful misrepresentations be recomputed; and (2) from a decision, filed January 17, 1969, which, upon reopening, adhered to the original decision. The board found that claimants, husband and wife, were put on the payroll records of a firm owned by Mrs. Levey's brothers to show they had sufficient weeks of employment and earnings to qualify them to file valid original claims and were taken off the payroll records during the winter months of each year while vacationing at their home in Florida, that there was no comparable layoff of other personnel during the successive periods when claimants were allegedly laid off for lack of work and that claimants' conscious concealments of their lack of attachment to the labor market were willful misrepresentations to obtain

benefits. Availability for employment is a question of fact to be determined by the board and its determination must be upheld if the findings are supported by substantial evidence (*Matter of Goodman* [*Catherwood*], 33 A D 2d 855; *Matter of Zaput* [*Catherwood*], 25 A D 2d 903) as here. There is no statutory or decisional requirement that the board furnish a free transcript of the proceedings before the Referee (*Matter of Hernandez* [*Catherwood*], 33 A D 2d 972) and appellants' brief concedes, and the record shows, that a copy of the transcript was made available (see 12 NYCRR 463.2 [h]). Section 626 of the Labor Law, cited by appellant, does not preclude an authorized representative of the Industrial Commissioner from revising a prior determination when new information is obtained (see Labor Law, § 597, subd. 3; *Matter of Hahnl* [*Catherwood*], 28 A D 2d 1181). Subdivision 3 of section 597 of the Labor Law, specifying time limitations on review of determinations, is inapplicable since it excepts cases of fraud and willful misrepresentation, and laches may not be imputed to the Division of Employment in the absence of statutory authority (*Matter of Jamestown Lodge 1681 Loyal Order of Moose* [*Catherwood*], 31 A D 2d 981). Decision filed January 17, 1969 affirmed, without costs. Appeal from decision filed October 14, 1968 dismissed, without costs. Herlihy, P. J., Staley, Jr., Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Cooke, J.