■ In the Matter of the Claim of ALICE DAVID, Appellant. COMMISSIONER OF LABOR, Respondent. [741 NYS2d 296] —Rose, J. Appeals (1) from a decision of the Unemployment Insurance Appeal Board, filed February 12, 2001, which ruled that claimant was not available for employment and denied her claim for unemployment insurance benefits, and (2) from a decision of said Board, filed October 2, 2001, which denied claimant's application to reopen and reconsider the prior decision.

Before relocating to the United States, claimant had worked for a number of years as a nurse. Upon her arrival in this country, she obtained a limited permit to practice as a licensed practical nurse and was hired by the employer. The permit expired one year later and, because she had not passed the nursing license examination, her employment was terminated. The Unemployment Insurance Appeal Board ultimately denied her claim for unemployment insurance benefits on the ground that, without a nursing license, she was not available for the only employment for which she was qualified by reason of her training and experience. Based upon allegations that two other nurses terminated by the employer when their limited permits expired had been granted benefits, claimant applied for reopening and reconsideration of the decision denying her claim. The Board denied the application and claimant appeals from both decisions.

Claimant's testimony that the only work she had ever done was as a nurse, coupled with the undisputed fact that she could not continue working as a nurse without having passed the nursing license examination, provides substantial evidence to support the Board's finding that claimant was not available for the only employment for which she was reasonably fitted by training and experience (*see*, Labor Law § 591 [2]). With regard to the Board's refusal to reopen and reconsider its prior decision, the scope of judicial review is whether the Board abused its discretion (*see, Matter of Trincere [Sweeney]*, 235 AD2d 904) and, without any evidence that the other two nurses who received benefits were similarly situated to claimant in that

nursing was the only employment for which they were qualified, we see no such abuse of discretion.

Crew III, J.P., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the decisions are affirmed, without costs.