■ In the Matter of the Claim of LEIGH A. MAINIERI, Appellant. COMMISSIONER OF LABOR, Respondent. [781 NYS2d 713]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 9, 2003, which, inter alia, ruled that claimant was ineligible to receive unemployment insurance benefits because she was not capable of working.

After being laid off from a prior job, claimant obtained a position as an administrative assistant with a health management company starting on January 6, 2003. She worked for a few hours that day, but went home due to illness. Her mother called

the employer the following day to report that claimant was ill and would not be at work. The employer advised that the position would be filled if claimant did not report to work that day. Claimant never reported to work.

Shortly thereafter, claimant was diagnosed with major depressive disorder and her physician deemed her incapable of working from January 7, 2003 through March 11, 2003. Nevertheless, she applied for and received unemployment insurance benefits totaling $2,007.75 for certain time periods between January 2003 and March 2003. Except for the first week, she represented when certifying for benefits that she was capable of working during this time. Thereafter, the Unemployment Insurance Appeal Board found her ineligible to receive benefits during the time periods at issue because she was not capable of working from January 7, 2003 through March 10, 2003. It further charged her with a recoverable overpayment and reduced her right to receive future benefits on the basis that she made willful misrepresentations to obtain benefits. Claimant appeals.

Pursuant to Labor Law § 591 (2), a claimant who is incapable of working is not entitled to receive unemployment insurance benefits. Here, claimant's physician completed a request for medical information form on March 11, 2003 in which he certified that claimant was incapable of working from January 7, 2003 through March 11, 2003 due to her major depressive disorder. The physician's contrary statement that claimant was able to look for work as of February 15, 2003 presented a credibility issue for the Board to resolve (*see Matter of Kaminski [Sweeney]*, 233 AD2d 737, 738 [1996]) and the Board could choose to disregard it particularly since it was authored after the initial determination of ineligibility. Furthermore, claimant's representations that she was able to work, when her physician indicated that she could not, and her statement that she lost her job due to lack of work, amply support the Board's finding that she made willful misrepresentations to obtain benefits (*see* Labor Law § 597 [4]).

Peters, J.P., Mugglin, Rose, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.