■ In the Matter of the Claim of SABRINA V. JOHNSON, Appellant. COMMISSIONER OF LABOR, Respondent. [807 NYS2d 707]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 21, 2005, which, inter alia, ruled that claimant was disqualified from receiving unemployment insurance benefits effective August 27, 2004 because she voluntarily left her employment without good cause.

While employed by a temporary personnel agency, claimant was assigned to work for a candy company as a packager. She last worked at the candy company on August 25, 2004. Claimant was not scheduled to work on August 27, 2004, however the employer expected her to report to the candy company on August 30 and 31, and September 1, 2004 and when she did not report or call in, she was terminated. The Unemployment Insurance Appeal Board disqualified claimant from receiving benefits effective August 27, 2004 because she voluntarily left her employment without good cause and also found her ineligible to receive benefits effective October 12, 2004 because she was not available for employment. Claimant appeals.

We affirm. Claimant stated that she advised the employer sometime around August 26, 2004 that she was leaving to work for another temporary personnel agency. However, claimant testified that she did not immediately start working for the new agency and had not received a work assignment at the time of the November 2004 unemployment insurance hearing. Inasmuch as the record indicates that the employer had continuing work available for claimant at the time she left, substantial evi-

dence supports the Board's decision that she voluntarily left her employment without good cause (*see Matter of Polito [Commissioner of Labor]*, 304 AD2d 967 [2003]; *Matter of Montgomery [Hudacs]*, 194 AD2d 1041 [1993]). Substantial evidence also supports the Board's finding that claimant was not available for employment due to her lack of childcare arrangements as evidenced by her October 12, 2004 statement to a Department of Labor representative (*see Matter of Pastore [Commissioner of Labor]*, 2 AD3d 1172 [2003]). Claimant's inconsistent testimony at the hearing presented a credibility issue for the Board to resolve (*see Matter of Martinez [Commissioner of Labor]*, 306 AD2d 745 [2003]; *Matter of Perry [Catherwood]*, 24 AD2d 921, 922 [1965]).

Cardona, P.J., Mercure, Crew III, Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.