In the Matter of the Claim of ANN M. AUGUSTINE, Appellant. COMMISSIONER OF LABOR, Respondent. [811 NYS2d 478]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 17, 2004, which, inter alia, ruled that claimant was ineligible to receive unemployment insurance benefits because she was not available for employment.

Claimant was employed as a medical transcriptionist from October 2002 until mid-June 2003. On June 15, 2003, claimant started a six-week pain management recovery program as a result of injuries she sustained in two car accidents on October 31, 2002 and January 28, 2003. In August 2003, claimant applied for unemployment insurance benefits and, in filling out an eligibility questionnaire in connection with her unemployment insurance benefits, claimant indicated that she was not able to start work immediately due to her continued participation in the recovery program. On January 7, 2004, when interviewed by a representative from the Department of Labor, claimant indicated that she could not return to her former employment position and had medical restrictions as to the job she could perform. In support of her claim of medical restrictions, claimant submitted a medical report dated November 2003 which concluded that she would be able to return to the work force in approximately six months. Furthermore, claimant's primary doctor completed a form on January 21, 2004 in connection with a claim for disability benefits which indicated that she was unable to work due to a disability suffered on June 15, 2003. The Unemployment Insurance Appeal Board denied claimant's application for unemployment insurance benefits finding that she was ineligible for benefits because she was unable to work and charged her with a recoverable overpayment of benefits on the basis that she made willful false statements to obtain benefits. Claimant appeals.

Contrary to claimant's contention, the testimony at the hearing and medical documentation provide substantial evidence to support the Board's finding that claimant was ineligible to collect unemployment insurance benefits because she was not capable of working (see Labor Law § 591; *Matter of Mainieri [Com-*

*missioner of Labor]*, 10 AD3d 765, 766 [2004]; *Matter of Kaminski [Sweeney]*, 233 AD2d 737, 737-738 [1996]). Although other evidence in the record, including medical statements indicating that claimant was capable of working during the period in question, could support a contrary conclusion, the conflicting evidence created a credibility issue for the Board to resolve (*see Matter of Kaminski [Sweeney], supra* at 738; *see also Matter of Francis [West Sanitation Servs.—Sweeney]*, 246 AD2d 751, 752 [1998], *lvs dismissed* 92 NY2d 886 [1998], 93 NY2d 833 [1999]). Furthermore, inasmuch as claimant indicated in her weekly certification for benefits that she was ready, willing and able to work, we find no reason to disturb the Board's finding that claimant made willful false statements to obtain benefits (*see Matter of Glazer [Commissioner of Labor]*, 10 AD3d 752, 753 [2004]). We have considered claimant's assertion that her request for a subpoena was improperly denied and find it to be without merit.

Spain, J.P., Mugglin, Rose, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.