■ In the Matter of the Claim of Broadus E. Hunter, Appellant. Commissioner of Labor, Respondent. [916 NYS2d 845]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 1, 2010, which ruled that claimant was ineligible to receive unemployment insurance benefits because he was not capable of working.

Claimant worked as a messenger for a package delivery company for a little more than a year and a half. Claimant experienced back problems and did not report to work following the last week of June 2009. He had back surgery on July 28, 2009. Claimant did not take a leave of absence from his job or accept the employer's offer of a light-duty assignment. However, on July 13, 2009, he filed a claim for unemployment insurance benefits. Following a hearing, the Administrative Law Judge (hereinafter ALJ) ruled, among other things, that claimant was ineligible to receive benefits because he was not capable of working. The Unemployment Insurance Appeal Board sustained that part of the ALJ's decision and claimant now appeals.

We affirm. "Pursuant to Labor Law § 591 (2), a claimant who is incapable of working is not entitled to receive unemployment insurance benefits" (*Matter of Mainieri [Commissioner of Labor]*, 10 AD3d 765, 766 [2004]). Here, there is medical documentation in the record establishing that claimant was unable to perform his regular job duties at the time he filed his application for benefits. In addition, claimant testified that when he was released from the hospital following his surgery, he had not received medical authorization to return to work. Notably, even at the time of the hearing before the ALJ in October 2009, claimant conceded that he still had not received medical clearance to return to work. In view of the foregoing, substantial evidence supports the Board's decision and we find no reason to disturb it (*see Matter of Augustine [Commissioner of Labor]*, 27 AD3d 937, 937-938 [2006]; *Matter of Glazer [Commissioner of Labor]*, 10 AD3d 752, 753 [2004]).

Peters, J.P., Rose, Malone Jr., Stein and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.