*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 5, 2015                    520565
_____

In the Matter of the Claim of
     ASHLEY PEEK,
                         Appellant.

COMMISSIONER OF LABOR,                    MEMORANDUM AND ORDER
                    Respondent.
_____

Calendar Date:  September 22, 2015

Before:  Peters, P.J., Lahtinen, Garry and Lynch, JJ.

                    _____


     Ashley Peek, New York City, appellant pro se.

     Eric T. Schneiderman, Attorney General, New York City
(Bessie Bazile of counsel), for respondent.


                    _____


     Appeal from a decision of the Unemployment Insurance Appeal
Board, filed July 17, 2014, which ruled that claimant was
ineligible to receive unemployment insurance benefits because she
was not available for employment.

     For approximately seven years, claimant worked as a dietary
aide for a food service company at a hospital.  Her two-year-old
son had an asthma attack one day while she was at work and she
felt that neither her husband nor her mother-in-law, who were
caring for him at the time, responded appropriately.
Consequently, she immediately resigned from her position to care
for her son.  Claimant applied for unemployment insurance
benefits, but the Department of Labor found, among other things,
that she was ineligible to receive them because she was not
available for work.  This determination was sustained by an
Administrative Law Judge following a hearing.  The Unemployment
Insurance Appeal Board thereafter affirmed the Administrative Law

Judge's decision and claimant now appeals.

We affirm.  Pursuant to Labor Law § 591 (2), a claimant will not be deemed eligible to receive unemployment insurance benefits if he or she is "not ready, willing and able to work in his [or her] usual employment or in any other for which he [or she] is reasonably fitted by training and experience."  A claimant who is unable to work due to the lack of child-care arrangements may be considered to be unavailable for work for purposes of receiving unemployment insurance benefits (see Matter of Johnson [Commissioner of Labor], 25 AD3d 1053, 1054 [2006]; Matter of Pastore [Commissioner of Labor], 2 AD3d 1172, 1172 [2003]).  Here, it is undisputed that claimant left her job to care for her son and she testified that, after she did so, her mother-in-law moved away and her husband took a job with long hours that precluded her from relying upon them for childcare. She further stated that she could not afford to put her son in day care and that he could not be placed in a Head Start program until he was three years old.  In view of the foregoing, substantial evidence supports the Board's finding that claimant was ineligible to receive benefits because she was unavailable for work.

Peters, P.J., Lahtinen, Garry and Lynch, JJ., concur.

ORDERED that the decision is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court