■ In the Matter of the Claim of TRAVIS G. JUNEAU, Appellant. COMMISSIONER OF LABOR, Respondent. [56 NYS3d 576]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 13, 2016, which ruled, among other things, that claimant was ineligible to receive unemployment insurance benefits because he was not available for employment.

Claimant separated from his employment in June 2015 in order to care for his fiancée, who had suffered a brain injury and required 24-hour care. He thereafter applied for and received unemployment insurance benefits beginning on July 20, 2015. The Unemployment Insurance Appeal Board ultimately found that claimant was ineligible to receive benefits for the period of July 20, 2015 to January 14, 2016 because he was not ready, willing and able to work during that time. The Board also charged claimant with a recoverable overpayment of $2,940, reduced his right to receive future benefits by 32 days and imposed a penalty of $441 based upon his willful misrepresentations to obtain benefits. Claimant now appeals.

We affirm. A claimant is ineligible to receive unemployment insurance benefits if he or she is "not ready, willing and able to work in his [or her] usual employment or in any other for which he [or she] is reasonably fitted by training and experience"

(Labor Law § 591 [2]; *see Matter of Peek [Commissioner of Labor]*, 133 AD3d 965, 966 [2015]). The Board's determination that claimant was not ready, willing and able to work during the time period in question is supported by substantial evidence. At a prior hearing held on November 2, 2015, concerning the issue of whether claimant had good cause to separate from his employment, claimant testified that there was no one else available to care for his fiancée.* Although hearings on this issue continued until January 14, 2016, it is undisputed that claimant never informed the Administrative Law Judge that other caregivers were available. At a subsequent hearing regarding claimant's availability to work, claimant testified that he had misunderstood the question at the previous hearing and that he had arranged for a family friend that lives in California to come to New York to care for his fiancée if and when claimant found employment. While the Board credited the testimony that claimant had ultimately arranged care for his fiancée, it rejected claimant's testimony that he had misunderstood the question concerning the availability of the care at the time of the prior hearing. Giving deference to the Board's credibility determinations (*see Matter of Sciortino [Salina Free Lib.—Commissioner of Labor]*, 129 AD3d 1415, 1416 [2015]), there is substantial evidence supporting its determination that claimant had not yet acquired care for his fiancée during the time period in question and, therefore, he was unavailable to work at that time.

In light of the Board's determination that claimant had not arranged care prior to the close of the initial hearings on January 14, 2016, substantial evidence also supports the Board's determination that claimant made willful representations to obtain benefits when he certified eight times between August 3, 2015 and September 13, 2015 that he was available to work (*see Matter of Solano [Commissioner of Labor]*, 50 AD3d 1425, 1426 [2008]; *Matter of Augustine [Commissioner of Labor]*, 27 AD3d 937, 938 [2006]). Accordingly, recoverable overpayments, forfeiture and the civil monetary penalty were permitted and we find no reason to disturb the Board's imposition of the penalties (*see* Labor Law § 594 [1], [4]; *Matter of Denes [Commissioner of Labor]*, 147 AD3d 1144, 1146 [2017]).

McCarthy, J.P., Garry, Egan Jr., Lynch and Clark, JJ., concur. Ordered that the decision is affirmed, without costs.

---

* Following that hearing, claimant was found to have had good cause for separating from his employment and the matter was continued on the issue of his availability to work.