In the Matter of the Claim of WILLIAM R. GRAY, Appellant. COMMISSIONER OF LABOR, Respondent. [55 NYS3d 501]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 4, 2015, which, among other things, ruled that claimant was ineligible to receive unemployment insurance benefits because he was not available for employment.

Claimant works as a seasonal carpenter for his employer from spring to early fall each year and, while not working in that capacity, travels to Florida each winter where he does not work. In October 2013 and October 2014, after his seasonal employment had ended, claimant applied for unemployment insurance benefits and certified that there were no days on which he was not ready, willing and able to work for each week during the relevant time periods. As a result, claimant received approximately $7,800 in benefits from October 2013 to April 2014 and $2,182.25 in benefits from October 2014 to May 2015. Thereafter, the Department of Labor found that claimant was ineligible to receive those benefits because he was not available for employment, charged claimant with an overpayment equal to the amounts received, reduced his right to receive future benefits and imposed civil penalties. This determination was sustained by an Administrative Law Judge following a hearing. Upon administrative review, the Unemployment Insurance Appeal Board affirmed the Administrative Law Judge's decision, and claimant now appeals.

We affirm. A claimant will not be deemed eligible to receive unemployment insurance benefits if he or she is not ready, willing and able to work in his or her usual employment or in any other for which he or she is reasonably fitted by training and experience (see Labor Law § 591 [2]; Matter of Peek [Commissioner of Labor], 133 AD3d 965, 966 [2015]). Claimant elected to not receive a copy of the unemployment insurance handbook in the mail, and he acknowledged that he did not read the handbook that was available to him on the Internet. Had he done so, claimant would have known that he was required to remain available for work and to demonstrate his availability by actively seeking employment during the period that he claimed benefits. The handbook further advised that claimant was required to contact the Department when he left the state and to provide the Department with his reasons for such travel. Claimant certified that he was ready, willing and able to work every day during the relevant time periods; however, upon filing his applications for benefits, he traveled to

Florida, failed to notify the Department at that time of his seasonal relocation and did not demonstrate that he actively sought work while in Florida. In view of the foregoing, substantial evidence supports the Board's finding that claimant was ineligible to receive benefits because he was unavailable for work (*see Matter of Andreassen [Ross]*, 54 AD2d 1048, 1049 [1976]; *Matter of Solomon [Ross]*, 53 AD2d 931, 931 [1976]; *Matter of Goodman [Catherwood]*, 33 AD2d 855, 856 [1969]; *Matter of Dunn [Corsi]*, 1 AD2d 722, 722 [1955]; *cf. Matter of Pelkey [Hudacs]*, 180 AD2d 995, 995-996 [1992]). As claimant attested in his weekly certification for benefits that he was ready, willing and able to work without disclosing his seasonal relocation to Florida, we also find no reason to disturb the Board's finding that claimant made willful misrepresentations to obtain benefits or its imposition of recoverable overpayments and a penalty (*see* Labor Law §§ 594 [1], [4]; 597 [4]; *Matter of Solomon [Ross]*, 53 AD2d at 931; *Matter of Levey [Catherwood]*, 33 AD2d 1066, 1066 [1970]; *Matter of Pelkey [Hudacs]*, 180 AD2d at 996; *cf. Matter of Denes [Commissioner of Labor]*, 147 AD3d 1144, 1146 [2017]). To the extent that claimant's remaining contentions have been preserved for our review, they have been considered and have been found to be without merit.

McCarthy, J.P., Garry, Devine, Clark and Aarons, JJ., concur. Ordered that the decision is affirmed, without costs.