■ In the Matter of LYNDA M. DERFERT, Appellant. COMMISSIONER OF LABOR, Respondent. [54 NYS3d 759]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 19, 2015, which ruled that claimant was ineligible to receive unemployment insurance benefits because she was not available for employment.

Claimant worked for the employer as an interviewer from September 18, 2014 until May 1, 2015 and, after a leave of absence, resumed working for the employer on June 8, 2015. During the period between May 2, 2015 and June 7, 2015, claimant did not report to work, with the employer's approval, because a former boyfriend was physically and verbally abusing her, including calling her on a daily basis and leaving threatening and disparaging voicemail messages, and regularly sitting in a car outside or near her home waiting for her to emerge. The abuse began shortly after a stay-away order of protection expired that had required the former boyfriend to have no contact with claimant, and she had been unsuccessful in obtaining a new order. Claimant walked to work, which was across the street from her home, and she did not leave her home during the period in issue because she was afraid that the former boyfriend would accost her or find out where she worked and show up there, as he had done in the past. Claimant eventually returned to work after she devised an alternate route that she could use to get to work without being detected by the boyfriend. Following a hearing, an Administrative Law Judge upheld the initial determination denying claimant's application for unemployment insurance benefits, finding that she was ineligible to receive benefits because she was not available to work during the leave of absence. The Unemployment Insurance Appeal Board upheld the determination, and claimant appeals.

We reverse. To be eligible for unemployment insurance benefits, claimant must, as relevant here, be " 'ready, willing and able to work' " (*Matter of Peek [Commissioner of Labor]*, 133 AD3d 965, 966 [2015], quoting Labor Law § 591 [2]; *see* Labor Law § 527 [1] [a]). Whether a claimant is available for work ordinarily presents a question of fact for the Board to resolve, provided that its determination is supported by substantial record evidence (*see Matter of Inatomi [Commissioner of Labor]*, 116 AD3d 1332, 1333 [2014]; *Matter of Kossarska-Goetz [Commissioner of Labor]*, 111 AD3d 1240, 1240-1241 [2013]).

Here, the uncontroverted evidence is that claimant was ready, willing and able to work during the period in issue. Under the circumstances presented, we disagree with the Board that her leave of absence necessitated by the actions of a perpetrator of domestic abuse rendered her legally unavailable for work (*compare Matter of Peek [Commissioner of Labor]*, 133 AD3d at 966; *Matter of Inatomi [Commissioner of Labor]*, 116 AD3d at 1333-1334; *Matter of Kossarska-Goetz [Commissioner*

*of Labor]*, 111 AD3d at 1240-1241; *Matter of Solano [Commissioner of Labor]*, 50 AD3d 1425, 1425-1426 [2008]; *Matter of Cale [Commissioner of Labor]*, 46 AD3d 1065, 1066 [2007]). To that end, and pursuant to Labor Law § 593 (1) (b) (i), the Legislature has provided that an employee may not be disqualified from receiving unemployment insurance benefits for separating from employment "due to any compelling family reason," which includes "domestic violence . . . which causes the individual reasonably to believe that such individual's continued employment would jeopardize his or her safety or the safety of any member of his or her immediate family" (*see Matter of Loney [Commissioner of Labor]*, 287 AD2d 846, 847 [2001]). The progenitor of Labor Law § 593 (1) (b) (i) was enacted in 1999 (*see* L 1999, ch 268, § 1) in response to a New Jersey appeals court ruling that a woman who was forced to quit her job due to domestic violence was not entitled to collect unemployment benefits (*see* Senate Introducer Mem in Support, Bill Jacket, L 1999, ch 268, § 1) and was intended to ensure that victims of domestic violence "may be eligible for [u]nemployment [i]nsurance" (Budget Rep on Bills, Bill Jacket, L 1999, ch 268, § 1). When the provision was amended to its current form in 2009 (*see* L 2009, ch 35, §§ 1, 2), the legislative intent remained to ensure that "individuals who are voluntarily separated from employment due to compelling family reasons are eligible for [unemployment insurance] benefits" (Assembly Mem in Support, Bill Jacket, L 2009, ch 35 at 5, 2009 McKinney's Session Laws of NY at 1499). The Board credited claimant's uncontroverted account that she was the victim of domestic violence, stalking and harassment, as well as her testimony that she was willing and able to work during the period in issue but was prevented from leaving her home to get to work due to her justifiable fear of further violence by her former boyfriend (*compare Matter of Okumakpeyi [Commissioner of Labor]*, 295 AD2d 828, 829 [2002]; *Matter of Downie [Commissioner of Labor]*, 288 AD2d 638, 639 [2001]; *see generally Matter of Buckley [Bethlehem Steel Corp.—Catherwood]*, 31 NY2d 950, 951 [1972]).

To conclude, as did the Board, that an employee who takes a leave from work due to a reasonable fear of domestic violence, a "compelling family reason" under Labor Law § 593 (1) (b), is "unavailable" for or unwilling to work and, therefore, ineligible for unemployment insurance benefits under Labor Law § 591 (2) contradicts the intent underlying the protection afforded to domestic violence victims from disqualification for unemployment insurance benefits. Accordingly, we find that claimant should not have been found to be ineligible for unemployment insurance benefits due to unavailability.

McCarthy, J.P., Egan Jr., Clark, Mulvey and Aarons, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.