Matter of Ologbonjaiye (Commissioner of Labor) (2018 NY Slip Op 07520)





Matter of Ologbonjaiye (Commissioner of Labor)


2018 NY Slip Op 07520


Decided on November 8, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 8, 2018


[*1]In the Matter of the Claim of CHRISTOPHER OLOGBONJAIYE, Appellant. COMMISSIONER OF LABOR, Respondent.

Calendar Date: September 18, 2018

Before: McCarthy, J.P., Lynch, Devine, Clark and Rumsey, JJ.


Hinman Straub, PC, Albany (David B. Morgen of counsel), for appellant.
Barbara D. Underwood, Attorney General, New York City (Mary Hughes of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 19, 2017, which ruled, among other things, that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed.
Claimant, an office cleaner, applied for unemployment insurance benefits and, during the period of June 23, 2013 through November 17, 2013, received benefits after certifying each week how many days he had worked. Claimant certified that he worked zero days the week ending June 23, 2013 whereas the employer's payroll records reflected that he had worked three days that week; in the remaining weeks, claimant certified that he worked between zero and three days each week when the records show that he worked five days in each of those weeks. At the hearing, claimant admitted that the employer's payroll records were accurate, that he had worked on the days reflected therein and that, when certifying for benefits, he had not reported working on the days in issue. The Unemployment Insurance Appeal Board affirmed a decision of an Administrative Law Judge finding that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed on the days in issue. The Board charged claimant with a recoverable overpayment of benefits due to his willful misrepresentations, imposed a civil penalty and reduced his right to future benefits by 176 effective days. Claimant appeals.
We affirm. Substantial evidence supports the Board's finding that claimant lacked total unemployment during the periods in issue and that he made willful false statements to obtain benefits (see Labor Law §§ 522, 591 [1]). "[W]hether a claimant has made a willful misrepresentation to obtain benefits is a factual issue for the Board to resolve and [its decision] will be upheld if supported by substantial evidence" (Matter of Schneider [Commissioner of Labor], 158 AD3d 882, 882-883 [2018] [internal quotation marks and citations omitted]). To that end, "[a] claimant may be found to have made a willful misrepresentation to obtain benefits even if the false statement was made unintentionally or was the result of confusion" (id. at 883 [internal quotation marks and citation omitted]), and criminal intent is not required (see Matter of Guibord [Commissioner of Labor], 147 AD3d 1137, 1138 [2017]).
Claimant's testimony that his memory had been inaccurate at the time of the certifications due to a long-term medical condition was not established by the medical evidence submitted (see Matter of Rabess [Commissioner of Labor], 104 AD3d 988, 989 [2013]). Likewise, his claim that the certification question — "how many days did you work?" — referred to his job search efforts created a credibility issue that the Board rationally rejected (see Matter of Araman [Commissioner of Labor], 150 AD3d 1526, 1528 [2017]). As claimant attested in his weekly certifications, 22 times, that he had worked fewer days each week than he actually worked, and he was paid benefits to which he was not entitled based upon those false certifications, we find no reason to disturb either the Board's finding that he made factually false, willful misrepresentations to obtain benefits or its imposition of recoverable overpayments and a penalty (see Labor Law §§ 594 [4]; 596 [1]; 597 [4]; Matter of Gray [Commissioner of Labor], 150 AD3d 1520, 1521 [2017]). Given that claimant made willful false statements, the one-year limitation on revising benefit determinations is inapplicable (see Labor Law § 597 [3]).
McCarthy, J.P., Lynch, Devine, Clark and Rumsey, JJ., concur.
ORDERED that the decision is affirmed, without costs.