Matter of Ormanian (Commissioner of Labor) (2018 NY Slip Op 08592)





Matter of Ormanian (Commissioner of Labor)


2018 NY Slip Op 08592


Decided on December 13, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 13, 2018

526018

[*1]In the Matter of the Claim of ROSALBA ORMANIAN, Respondent. MONTAUK BUS SERVICE, INC., Appellant. COMMISSIONER OF LABOR, Respondent.

Calendar Date: November 19, 2018

Before: McCarthy, J.P., Egan Jr., Lynch, Devine and Clark, JJ.


Naness, Chaiet & Naness, LLC, Jericho (W. Matthew Groh of counsel), for appellant.
John Ferrara, Monticello, for Rosalba Ormanian, respondent.



MEMORANDUM AND ORDER
Devine, J.
Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 27, 2017, which, among other things, ruled that claimant was entitled to receive unemployment insurance benefits.
At the end of the 2014-2015 school year, claimant's employment as a school bus driver was terminated on June 26, 2015. In July 2015, claimant applied for unemployment insurance benefits. Shortly thereafter, the employer offered claimant summer employment as a school bus driver, but claimant declined, stating that she had injured her right shoulder and could not operate a manually-operated school bus door [FN1]. Claimant certified to the Department of Labor that she was able to work from the weeks ending July 5, 2015 through October 18, 2015, and she received benefits for that time period. In November 2015, claimant submitted a completed questionnaire to the Department in which she indicated, among other things, that, although she was seeking employment as a bus driver, she could not work at that time because she was still receiving medical treatment for her shoulder. Thereafter, the Department issued an initial determination finding, among other things, that claimant was ineligible to receive unemployment insurance benefits, effective June 29, 2015, on the basis that she was not capable of working. The Unemployment Insurance Appeal Board ultimately, among other things, overruled the initial determination, finding that, although claimant was incapable of manually operating a school bus [*2]door due to her injury, she was not incapable of working and could perform her duties in other types of employment.
We reverse. "A claimant will not be deemed eligible to receive unemployment insurance benefits if he or she is not ready, willing and able to work in his or her usual employment or in any other for which he or she is reasonably fitted by training and experience" (Matter of Gray [Commissioner of Labor], 150 AD3d 1520, 1520 [2017] [citation omitted]; see Labor Law § 591 [2]; Matter of Juneau [Commissioner of Labor], 150 AD3d 1525, 1525 [2017]). "Whether a claimant is available for work ordinarily presents a question of fact for the Board to resolve, provided that its determination is supported by substantial record evidence" (Matter of Derfert [Commissioner of Labor], 150 AD3d 1515, 1516 [2017]; see Matter of Inatomi [Commissioner of Labor], 116 AD3d 1332, 1333 [2014]; Matter of Kossarska-Goetz [Commissioner of Labor], 111 AD3d 1240, 1240-1241 [2013]).
The substantial and unrefuted medical documentation in the record, together with claimant's receipt of workers' compensation benefits, establishes that claimant was unable to perform any job duties required of her during the time period in which she certified for benefits (see Matter of Hunter [Commissioner of Labor], 81 AD3d 1023, 1024 [2011]; Matter of Augustine [Commissioner of Labor], 27 AD3d 937, 937 [2006]; Matter of Glazer [Commissioner of Labor], 10 AD3d 752, 753 [2004]). In addition, inasmuch as the essential job functions required of her included the performance of various physical tasks, including the manual operation of a school bus door three times in a certain amount of time, we are unpersuaded by claimant's contention that, at the time she applied for benefits and during the time period in question, no accommodation was made for her injury (see Matter of Allen [Commissioner of Labor], 2 AD3d 951, 952 [2003]). Moreover, although claimant testified that she previously worked as a waitress and that she was capable of performing such work while she recovered from her injury, claimant's testimony does not reflect that she sought, or was available for, this type of employment at any point during the time period in which she certified for benefits (cf. Matter of Gray [Commissioner of Labor],150 AD3d at 1520-1521; Matter of David [Commissioner of Labor], 293 AD2d 899, 899-900 [2002]). In view of the foregoing, we conclude that the record does not contain substantial evidence to support the Board's finding that claimant was ready, willing and able to work in her employment as a school bus driver or in any other type of employment for which she is reasonably fitted by training and experience during the time period in which she certified for benefits (see Labor Law § 591 [2]). In light of our determination, the employer's remaining contentions are academic.
McCarthy, J.P., Egan Jr., Lynch and Clark, JJ., concur.
ORDERED that the decision is reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.



Footnotes

Footnote 1: Around that same time, claimant applied for, and received, workers' compensation benefits. The Workers' Compensation Board ultimately established her claim for a work-related injury to her right shoulder and found that she had a temporary partial disability from August 5, 2015 through April 11, 2016.