Matter of Kozklowski (Commissioner of Labor) (2022 NY Slip Op 07114)

Matter of Kozklowski (Commissioner of Labor)

2022 NY Slip Op 07114

Decided on December 15, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 15, 2022

534533
[*1]In the Matter of the Claim of Greta Kozklowski, Appellant. Commissioner of Labor, Respondent.

Calendar Date:November 16, 2022

Before:Egan Jr., J.P., Lynch, Aarons, Reynolds Fitzgerald and McShan, JJ.

Greta Kozklowski, Lancaster, appellant pro se.
Letitia James, Attorney General, New York City (Camille J. Hart of counsel), for respondent.

Lynch, J.
Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 15, 2021, which, among other things, ruled that claimant was ineligible to receive unemployment insurance benefits because she was not totally unemployed.
Claimant, a full-time technician, applied for unemployment insurance benefits effective March 9, 2020. Although claimant was initially deemed eligible to receive unemployment insurance benefits, a revised determination from the Department of Labor found that claimant was ineligible for unemployment insurance benefits for specified periods. Following a hearing, an Administrative Law Judge (hereinafter ALJ) ruled that claimant was ineligible to receive unemployment insurance benefits for the period March 23, 2020 through March 29, 2020 because she was not totally unemployed, and assessed a recoverable overpayment of benefits. In addition, the ALJ ruled that, for the period of June 15, 2020 through July 26, 2020, claimant was ineligible to receive benefits because she was unavailable for work, charged her with a recoverable overpayment of unemployment insurance benefits and federal pandemic unemployment compensation benefits, found that claimant made willful misrepresentations to obtain those benefits, reduced her right to receive future benefits by 24 days and imposed a civil penalty. Upon administrative appeal, the Unemployment Insurance Appeal Board, by decision filed July 15, 2021, affirmed the ALJ's decision. Claimant appeals.
We affirm. There is no dispute that claimant was ineligible to receive unemployment insurance benefits for the period March 23, 2020 through March 29, 2020 as claimant acknowledged that, although she was not required to report to work, she received her regular pay for that period and, therefore, was not totally unemployed (see Labor Law § 591 [1]). As for the finding that claimant was ineligible for the period June 15, 2020 through July 26, 2020, claimants must be "ready, willing and able to work in [their] usual employment or in any other for which [they are] reasonably fitted by training and experience" in order to be eligible for unemployment insurance benefits (Labor Law § 591 [2]), which presents a question of fact for the Board to resolve (see Matter of Ormanian [Montauk Bus Serv., Inc.-Commissioner of Labor], 167 AD3d 1183, 1184 [2018], lv dismissed 32 NY3d 1221 [2019]; Matter of Derfert [Commissioner of Labor], 150 AD3d 1515, 1516 [3d Dept 2017). The record establishes that claimant was placed on an authorized leave of absence on June 15, 2020 based upon her doctor's letter that claimant should remain out of work because her exposure to COVID-19 through work put her parents, who were members of her household, at high risk for COVID-related complications. Despite being on medical leave, claimant certified during the relevant time period that she was available to work. In view of the foregoing, and given that claimant's doctor did not approve claimant's return to work until July 27, [*2]2020, substantial evidence supports the Board's decision that claimant was not available for work during the relevant time period that she certified for benefits (see Matter of Ormanian [Montauk Bus Serv., Inc.-Commissioner of Labor], 167 AD3d at 1184-1185; Matter of Hunter [Commissioner of Labor], 81 AD3d 1023, 1024 [3d Dept 2011]; Matter of Glazer [Commissioner of Labor], 10 AD3d 752, 753 [3d Dept 2004]). As claimant was not eligible to receive unemployment insurance benefits, her receipt of federal pandemic unemployment compensation benefits was also recoverable (see 15 USC § 9023 [f] [2]).
Substantial evidence also supports the Board's factual finding that claimant made willful false statements to obtain benefits as her unavailability to work was self-evident (see generally Matter of Ologbonjaiye [Commissioner of Labor], 166 AD3d 1200, 1201 [3d Dept 2018]; Matter of Vogt [Commissioner of Labor], 267 AD2d 742, 742 [3d Dept 1999], lv denied 94 NY2d 762 [2000]). Claimant sought a leave of absence in order not to return to work because she was uncomfortable with the employer's initial cleaning protocols in relation to the COVID pandemic. To the extent that she asserts that she was not given any instruction and was confused when certifying for benefits, we note that "a claimant may be found to have made a willful misrepresentation to obtain benefits even if the false statement was made unintentionally or was the result of confusion" (Matter of Ologbonjaiye [Commissioner of Labor], 166 AD3d at 1201 [internal quotation marks, brackets and citation omitted]). The record establishes that claimant did not elect to have an unemployment insurance benefit handbook mailed to her and she acknowledged that she did not seek any clarification on how to certify for benefits (see e.g. Matter of Gray [Commissioner of Labor], 150 AD3d 1520, 1520-1521 [3d Dept 2017]). Under these circumstances, the Board's decision will not be disturbed.
Egan Jr., J.P., Aarons, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the decision is affirmed, without costs.