Matter of Lynch (Commissioner of Labor) (2023 NY Slip Op 03531)

Matter of Lynch (Commissioner of Labor)

2023 NY Slip Op 03531

Decided on June 29, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 29, 2023

536154
[*1]In the Matter of the Claim of Hyacinth Lynch, Appellant. Commissioner of Labor, Respondent.

Calendar Date:June 6, 2023

Before:Egan Jr., J.P., Aarons, Ceresia, Fisher and McShan, JJ.

Hyacinth Lynch, Rosedale, appellant pro se.
Letitia James, Attorney General, New York City (Linda D. Joseph of counsel), for respondent.

Ceresia, J.
Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 11, 2022, which denied claimant's application to reopen/reconsider a prior decision.
Claimant, a home health aide, left her employment on February 29, 2020 and later filed a claim for unemployment insurance benefits effective March 9, 2020, citing lack of work as her reason for her unemployment and indicating that she was ready and able to work. Between April 29, 2020 and July 25, 2021, claimant certified each week that she was at all times able to work and, as a result, she received state unemployment insurance benefits as well as federal pandemic unemployment compensation and pandemic emergency unemployment compensation benefits. On a questionnaire submitted to the Department of Labor in July 2021, however, claimant stated that she left her job due to breathing problems caused by asthma that left her unable to breathe at times, and that she was not able to work. Claimant's treating physician submitted medical documents reflecting that she had severe, recurrent asthma that left her "frequently" unable to work, and indicated that if she worked, there were numerous limitations on the hours and type of work she could do. She was deemed by her medical provider to be medically stable enough to work on August 10, 2021.
By initial determination, the Department found that claimant was ineligible to receive benefits because she was medically incapable of working effective March 9, 2020. Finding that claimant had made willful misrepresentations to obtain benefits, the Department concluded that she had received state and federal unemployment benefits to which she was not entitled and that the overpayments were recoverable, imposed a monetary penalty and reduced her right to receive future benefits. Following a hearing, an Administrative Law Judge reversed, determining that the evidence did not establish that claimant's medical condition rendered her incapable of work and that she was eligible for unemployment benefits. On the employer's appeal, the Unemployment Insurance Appeal Board reversed the Administrative Law Judge and sustained the initial determination. In so doing, the Board found that the credible evidence established that claimant was incapable of work from March 9, 2020 until August 10, 2021, that she made willful misrepresentations to obtain benefits, and that the overpayments were recoverable. As such, the Board upheld the monetary penalty and forfeiture of future benefits. Claimant's subsequent application to reopen and reconsider was denied by the Board based upon its finding that she had failed to provide any new material evidence or arguments that would change its prior decision. Claimant appeals.[FN1]
We affirm. In order for a claimant to be eligible for unemployment insurance benefits, he or she must be "ready, willing and able to work in his [or her] usual employment or in any other [employment] for which he [or she] is reasonably fitted by training and experience[*2]" (Labor Law § 591 [2]; see Matter of Henry [Commissioner of Labor], 211 AD3d 1296, 1296-1297 [3d Dept 2022]). "Whether a claimant is available for [or capable of] work ordinarily presents a question of fact for the Board to resolve, provided that its determination is supported by substantial record evidence" (Matter of Ormanian [Montauk Bus Serv., Inc.-Commissioner of Labor], 167 AD3d 1183, 1184 [3d Dept 2018] [internal quotation marks and citations omitted], lv dismissed 32 NY3d 1221 [2019]).
Substantial evidence, including the unrefuted medical documentation in the record, supports the finding that claimant was unable to perform the job duties required of her during the time period in which she certified for benefits (see Matter of Ormanian [Montauk Bus Serv., Inc.-Commissioner of Labor], 167 AD3d at 1184). Claimant herself certified to the Department in July 2021 that breathing problems induced her to leave her employment in February 2020 and continued, and that she was not able to work. The Board expressly discredited claimant's testimony attempting to explain away her answers as a mistake, and asserting that she stopped working because she was not being scheduled for sufficient hours. We decline to disturb this finding, as "it is within the exclusive province of the Board to evaluate evidence and the inferences to be drawn therefrom, and the Board is the final arbiter of witness credibility" (Matter of Jani-King of N.Y., Inc. [Commissioner of Labor], 214 AD3d 1088, 1090 [3d Dept 2023] [internal quotation marks and citations omitted]). Claimant's treating physician confirmed the severity of her illness and resulting inability to work. According to claimant, her duties as a home health aide involved cleaning, shopping, cooking and taking clients out. Her physician reported that she was limited in her activities, "frequently" unable to work during the relevant time period, and should avoid lifting, carrying, pushing/pulling, walking, climbing or standing. Under these circumstances, notwithstanding record evidence that might have supported a contrary conclusion, the Board's determination that claimant was not able to work during the period in question will not be disturbed (see Matter of Kozklowski [Commissioner of Labor], 211 AD3d 1275, 1276 [3d Dept 2022]; Matter of Ormanian [Montauk Bus Serv., Inc.-Commissioner of Labor], 167 AD3d at 1184; Matter of Hunter [Commissioner of Labor], 81 AD3d 1023, 1024 [3d Dept 2011]; Matter of Augustine [Commissioner of Labor], 27 AD3d 937, 937-938 [3d Dept 2006]). Claimant's remaining contentions, to the extent preserved for our review, have been considered and found to be without merit.
Egan Jr., J.P., Aarons, Fisher and McShan, JJ., concur.
ORDERED that the decision is affirmed, without costs.

Footnotes

Footnote 1: Claimant's April 5, 2022 application for reopening and/or reconsideration was timely filed within 30 days of the Board's March 30, 2022 decision and, accordingly, the merits of that decision as well as the underlying claim for benefits are properly before us (see Matter of Arrigo [Commissioner of Labor], 211 AD3d 1287, 1288 n [3d Dept 2022]). However, claimant does not raise any arguments directed at the denial of her application to reopen or reconsider the Board's decision and, therefore, has abandoned any claims with respect to that decision (see Matter of Ciotoli [Commissioner of Labor], 199 AD3d 1181, 1182 n 2 [3d Dept 2021]).