Matter of Ejim (Commissioner of Labor) (2025 NY Slip Op 03236)

Matter of Ejim (Commissioner of Labor)

2025 NY Slip Op 03236

Decided on May 29, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 29, 2025

CV-24-0706
[*1]In the Matter of the Claim of Onyinyechi Ejim, Appellant. Commissioner of Labor, Respondent.

Calendar Date:April 30, 2025

Before:Pritzker, J.P., Lynch, Ceresia, McShan and Powers, JJ.

New York Legal Assistance Group, New York City (Ciara Farrell of counsel), for appellant.
Letitia James, Attorney General, New York City (Linda D. Joseph of counsel), for respondent.

Lynch, J.
Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 13, 2023, which denied claimant's application to reopen a prior decision.
From January 2020 through October 2020, claimant was employed as a part-time sales associate for a retail store. In March 2020, the employer closed its store due to the COVID-19 pandemic, and claimant continued to receive wages from the employer from March 16, 2020 through August 31, 2020 despite not performing any services during this time. Claimant was subsequently diagnosed and treated for cancer from March 2020 to April 2021, during which time she did not work. In May 2020, claimant filed a claim for unemployment insurance benefits, effective March 16, 2020, and, as a result of her certifications for benefits for the period March 29, 2020 through May 2, 2021, received regular unemployment insurance benefits and federal pandemic unemployment benefits. The Department of Labor subsequently found, as relevant here, that claimant was ineligible for unemployment insurance benefits for specified periods because claimant was either not totally unemployed (March 16, 2020 to August 31, 2020) or was not capable of working (March 28, 2020 to April 27, 2021). Given her ineligibility for benefits during the relevant time periods, the Department held that claimant was subject to the recovery of overpayments of benefits. The Department further held that claimant had made willful misrepresentations to obtain benefits and imposed forfeiture and monetary penalties as a result thereof. The Unemployment Insurance Appeal Board ultimately sustained the foregoing determinations by the Department in a May 3, 2023 decision. The Board also noted that claimant "misrepresented her capability for the entirety of the period in question and was vague as to her physical condition, imprecise as to her limitations and her course of treatment and offered no medical documentation to dispute her total disability." Claimant timely applied to reopen the Board's May 2023 decision. The Board subsequently denied that application to reopen, and claimant appeals.
We affirm. As an initial matter, claimant's timely application for reopening brings the merits of her claim — as well as the Board's May 2023 decision — properly before us (see Matter of Arrigo [Commissioner of Labor], 211 AD3d 1287, 1288 n [3d Dept 2022]; Matter of Gilyard [Commissioner of Labor], 170 AD3d 1419, 1420 [3d Dept 2019]). Turning to the merits, we find that substantial evidence, including claimant's own testimony, supports the Board's determination that claimant was ineligible to receive unemployment insurance benefits for the period March 16, 2020 to August 31, 2020, "as claimant acknowledged that, although she was not required to report to work, she received her regular pay for that period and, therefore, was not totally unemployed" (Matter of Kozklowski [Commissioner of Labor], 211 AD3d 1275, 1276 [3d Dept 2022]; see Labor Law § 591 [1]).
As for the finding [*2]that claimant was ineligible to receive unemployment insurance benefits for the period March 28, 2020 through April 27, 2021, "[i]n order for a claimant to be eligible for unemployment insurance benefits, he or she must be ready, willing and able to work in his or her usual employment or in any other employment for which he or she is reasonably fitted by training and experience" (Matter of Moi-Thuk-Shung [Commissioner of Labor], 227 AD3d 1348, 1349 [3d Dept 2024] [internal quotation marks and citations omitted]; see Labor Law § 591 [2]; Matter of Ormanian [Montauk Bus Serv., Inc.-Commissioner of Labor], 167 AD3d 1183, 1184 [3d Dept 2018], lv dismissed 32 NY3d 1221 [2019]). "Whether a claimant is ready, willing and able to work is a question of fact for the Board to resolve and its determination will not be disturbed if supported by substantial evidence" (Matter of Henry [Commissioner of Labor], 211 AD3d 1296, 1297 [3d Dept 2022] [internal quotation marks and citations omitted]). "Issues of witness credibility, the evaluation of evidence and the inferences to be drawn therefrom are within the exclusive province of the Board" (Matter of Douglas [Commissioner of Labor], 217 AD3d 1311, 1312 [3d Dept 2023] [internal quotation marks, brackets and citations omitted]). The record establishes that, on March 25, 2020, claimant was diagnosed with cancer and that her physician advised her that it was medically necessary for her to quit her job due to an aggressive tumor in her right arm/shoulder. Claimant's physician also informed the Department that claimant was unable to work in any capacity or occupation from March 15, 2020 to April 28, 2021 and that claimant could resume working with limitations as of April 28, 2021. Further, claimant received Social Security disability benefits during this time period because she was deemed to be disabled due to her medical condition. Despite being on medical leave, claimant certified during the relevant time period that she was available to work. In view of the foregoing, and given that claimant's doctor did not approve claimant's return to work until April 28, 2021, we find that substantial evidence supports the Board's decision that claimant was not available for work during the relevant time period in which she certified for benefits (see Matter of Kozklowski [Commissioner of Labor], 211 AD3d at 1276; Matter of Ormanian [Montauk Bus Serv., Inc.-Commissioner of Labor], 167 AD3d at 1184; Matter of Hunter [Commissioner of Labor], 81 AD3d 1023, 1024 [3d Dept 2011]; Matter of Glazer [Commissioner of Labor], 10 AD3d 752, 753 [3d Dept 2004]). "[T]he Board was free to reject claimant's argument that [s]he believed [s]he was capable of employment during the time frame at issue and, therefore, did not misrepresent h[er] eligibility" (Matter of Cromwell [Commissioner of Labor], 278 AD2d 555, 555 [3d Dept 2000]).
Given the Board's finding that claimant was not totally unemployed or not capable of working during the relevant time [*3]periods, and therefore ineligible for unemployment insurance benefits, claimant was also not eligible to receive lost wage assistance and federal pandemic benefits, and those payments were properly recoverable (see Matter of Nottage [Commissioner of Labor], 234 AD3d 1163, 1165 [3d Dept 2025]; Matter of Ficalora [Commissioner of Labor], 233 AD3d 1215, 1217 [3d Dept 2024]; see also 44 CFR 206.120 [f] [5]). "As to the penalties imposed, whether a claimant has made a willful misrepresentation to obtain benefits is a factual issue for the Board to resolve and will be upheld if supported by substantial evidence" (Matter of Ficalora [Commissioner of Labor], 233 AD3d at 1217 [internal quotation marks and citations omitted]). When claimant continually certified for benefits during the relevant time period, she represented that she was ready, willing and able to work despite knowing that she was undergoing treatment for health issues rendering her, as advised by her physician, unable to work in any capacity. She was also intermittently hospitalized for surgeries and chemotherapy during this time period and received Social Security disability benefits due to her disabling medical condition. The foregoing constitutes substantial evidence to support the Board's determination that claimant made willful misrepresentations to obtain benefits, and we are therefore unable to disturb the Board's imposition of recoverable overpayments of unemployment insurance benefits and penalties (see Matter of Moi-Thuk-Shung [Commissioner of Labor], 227 AD3d at 1349-1350; Matter of Augustine [Commissioner of Labor], 27 AD3d 937, 937-938 [3d Dept 2006]; Matter of Mainieri [Commissioner of Labor], 10 AD3d 765, 766 [3d Dept 2004]; Matter of Glazer [Commissioner of Labor], 10 AD3d at 753). Finally, we find no abuse of discretion by the Board in denying the application to reopen (see Matter of Aiello [Commissioner of Labor], 227 AD3d 1256, 1257 [3d Dept 2024]; see generally Labor Law § 534; 12 NYCRR 463.6 [a]). Claimant's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Pritzker, J.P., Ceresia, McShan and Powers, JJ., concur.
ORDERED that the decision is affirmed, without costs.