Matter of Korotkaya (Commissioner of Labor)

2026 NY Slip Op 02185

April 9, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of the Claim of Olga Korotkaya, Appellant. Commissioner of Labor, Respondent.

Decided and Entered:April 9, 2026

CV-25-0249

Calendar Date: March 20, 2026

Before: Clark, J.P., Aarons, Ceresia, Fisher And Powers, JJ.

Olga Korotkaya, Brooklyn, appellant pro se.

Letitia James, Attorney General, New York City (Linda D. Joseph of counsel), for respondent.

[*1]

Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 7, 2024, which ruled that claimant was ineligible to receive unemployment insurance benefits because she was not available for employment.

On March 6, 2022, claimant suffered injuries in a nonwork-related incident and did not return to work until September 19, 2022. Thereafter, she worked intermittently and she applied for unemployment insurance benefits in November 2022. Claimant ultimately stopped working in February 2023 and continued to certify for benefits. The Department of Labor issued a determination finding claimant ineligible to receive unemployment insurance benefits effective February 27, 2023 through August 6, 2023 because she was not capable of working during that time period, and charged her with recoverable overpayments and imposed monetary and forfeiture penalties based upon a finding that she made willful misrepresentations to obtain benefits. Following a hearing, an Administrative Law Judge upheld the determination and the Unemployment Insurance Appeal Board affirmed. This appeal ensued.

We affirm. "In order for a claimant to be eligible for unemployment insurance benefits, he or she must be ready, willing and able to work in his or her usual employment or in any other employment for which he or she is reasonably fitted by training and experience" (Matter of Lynch [Commissioner of Labor], 217 AD3d 1309, 1310 [3d Dept 2023] [internal quotation marks, brackets and citations omitted]; see Matter of Ejim [Commissioner of Labor], 238 AD3d 1461, 1462 [3d Dept 2025]). "Whether a claimant is ready, willing and able to work is a question of fact for the Board to resolve and its determination will not be disturbed if supported by substantial evidence" (Matter of Henry [Commissioner of Labor], 211 AD3d 1296, 1297 [3d Dept 2022] [internal quotation marks and citations omitted]; accord Matter of Moi-Thuk-Shung v Commissioner of Labor, 227 AD3d 1348, 1349 [3d Dept 2024]).

The record reflects that claimant's treating physician informed the Department in September 2023 that claimant was unable to work "in any capacity or occupation" from, as relevant here, February 24, 2023 going forward, due to the injuries suffered in March 2022. Moreover, claimant admitted that she was unable to work due to her injuries from February 27, 2023 to August 6, 2023 despite certifying for benefits during that time. In light of the foregoing, the Board's determination that claimant was ineligible for unemployment benefits for that time period because she was unable to work is supported by substantial evidence (see Matter of Moi-Thuk-Shung [Commissioner of Labor], 227 AD3d at 1350; Matter of Lynch [Commissioner of Labor], 217 AD3d at 1311).

"As to the penalties imposed, whether a claimant has made a willful misrepresentation to obtain benefits is a factual issue for the Board to resolve and will be upheld if supported by substantial evidence" (Matter of Cruz [Commissioner of Labor], [*2]215 AD3d 1203, 1204-1205 [3d Dept 2023] [internal quotation marks and citations omitted]). To the extent that claimant attributed any misrepresentations to bad advice she received from the Department, "a claimant may be found to have made a willful misrepresentation to obtain benefits even if the false statement was made unintentionally or was the result of confusion" (Matter of Ficalora [Commissioner of Labor], 233 AD3d 1215, 1217 [3d Dept 2024] [internal quotation marks and citations omitted]). Given the evidence in the record that claimant was unable to perform any work during the relevant time period, substantial evidence supports the Board's finding that she made willful misrepresentations to obtain benefits and its imposition of recoverable overpayments of benefits and forfeiture and monetary penalties will not be disturbed (see Matter of Ejim [Commissioner of Labor], 238 AD3d at 1464; Matter of Moi-Thuk-Shung [Commissioner of Labor], 227 AD3d at 1350; Matter of Augustine [Commissioner of Labor], 27 AD3d 937, 937-938 [3d Dept 2006]). Claimant's remaining arguments, to the extent not specifically addressed, have been examined and found to be without merit.

Clark, J.P., Aarons, Ceresia, Fisher and Powers, JJ., concur.

ORDERED that the decision is affirmed, without costs.