■ In the Matter of the Claim of EMMA J. DIAMOND, Appellant. JOHN F. HUDACS, as Commissioner of Labor, Respondent. [620 NYS2d 595] —Cardona, P. J. Appeals from two decisions of the Unemployment Insurance Appeal Board, filed August 12, 1993, which ruled that claimant was not entitled to receive unemployment insurance benefits because she was not available for employment.

In May 1988, claimant, a British national, was admitted to the United States on a nonimmigrant H-1 visa* as a modern dancer sponsored and employed by Merce Cunningham Dance Company in New York City. For three weeks in 1989 and two weeks in 1992, claimant, along with all other dancers in the company, were laid off during hiatuses in the company's schedule. During both of those periods all of the dancers applied for unemployment benefits. Everyone received benefits except claimant. Both Administrative Law Judges found that the employment restriction in her H-1 visa precluded her from legally accepting an offer of employment from any other employer during the periods in issue. For this reason, claimant was deemed unavailable for work and ineligible to receive benefits. The determinations were affirmed on administrative appeal, giving rise to these appeals by claimant.

Labor Law § 527 (1) (a) disqualifies a claimant from receiving unemployment compensation benefits for any period during which the claimant is not able or available for work. To support its determinations, the Unemployment Insurance Appeal Board relied on the Federal Department of Labor's interpretation on the subject as expressed in its Unemployment Insurance Program Letter No. 1-86: "Under the laws of all States, a claimant must be 'able and available' to work to

---

* In 1988 an H-1 visa admitted an alien on a nonimmigrant status who was "of distinguished merit and ability and who [was] coming temporarily to the United States to perform services of an exceptional nature requiring such merit and ability" (8 USC former § 1101 [a] [15] [H]).

be eligible for unemployment compensation. In addition to meeting other State availability requirements, an alien must be legally authorized to work in the United States to be considered 'available for work.' Therefore, an alien without current, valid authorization to work from the INS is not legally available for work and not eligible for benefits" (51 Fed Reg 29714 [1986]). In addition, claimant conceded that her H-1 visa restricted her employment to a single employer and that in order for her to have worked for any other employer, she would have had to obtain an amendment to her visa. Substantial evidence in the record supports the Board's finding that claimant was not legally authorized to work once her employment with Merce Cunningham Dance Company ceased. The Board's decision that claimant was unavailable for work when she sought unemployment benefits has a rational basis (see, Matter of Fisher [Levine], 36 NY2d 146) because she was legally barred from working for any other employer (see, Matter of Zapata [Levine], 50 AD2d 681, 682; see also, Pinilla v Board of Review Dept. of Labor & Indus., 155 NJ Super 307, 311, 382 A2d 921).

Furthermore, the availability for work requirement must be satisfied by all claimants, irrespective of their status as citizens, resident aliens or holders of nonimmigrant visas, and we therefore find no equal protection violations.

Mercure, White, Casey and Peters, JJ., concur. Ordered that the decisions are affirmed, without costs.