■ In the Matter of the Claim of ELIZABETH S. GRAIF, Appellant. COMMISSIONER OF LABOR, Respondent. [673 NYS2d 261] —Carpinello, J. Appeals from two decisions of the Unemployment Insurance Appeal Board, filed October 31, 1996 and

December 30, 1996, which, *inter alia*, upon reconsideration, adhered to its prior decision ruling that claimant was ineligible to receive unemployment insurance benefits because she was not available for employment.

In July 1994 claimant, a Canadian national, was admitted to the United States on a "Trade NAFTA visa" (hereinafter TN visa)* as a management consultant in the arts for World Monuments Fund (hereinafter WMF) in New York City. Claimant's employment with WMF ended on June 30, 1995 and her TN visa expired on July 3, 1995. Claimant applied for unemployment insurance benefits effective July 31, 1995 and was initially held ineligible for benefits because she was unavailable for employment since she did not have a TN visa. The Administrative Law Judge overruled that determination, finding that instantaneous availability was not required. Upon administrative appeal by the Commissioner of Labor, the Unemployment Insurance Appeal Board reversed and sustained the initial determination. Thereafter, the Board granted claimant's application for reconsideration and adhered to its original decision. The Board denied claimant's subsequent application for reconsideration. Claimant appeals.

We affirm. Labor Law § 591 (2) states that "[n]o benefits shall be payable to any claimant who is not capable of work or who is not ready, willing and able to work in his [or her] usual employment or in any other for which he [or she] is reasonably fitted by training and experience". Claimant, a Canadian national without current, valid authorization to work from the Immigration and Naturalization Service, was not, at the time of her application, legally authorized to work in the United States and, therefore, could not be considered legally "available for work" as required for a claim for unemployment insurance benefits (*see*, *Matter of Diamond [Hudacs]*, 210 AD2d 835, 835-836; *see also*, Labor Law § 527 [1] [a]). Claimant conceded that her TN visa restricted her employment to WMF and that in order for her to be able to work for any other employer, she would have had to have obtained another TN visa. We find substantial evidence in the record to support the Board's finding that claimant was not legally authorized to work for any other employer once her employment with WMF ceased and that she was unavailable for work when she sought benefits. Even if claimant could obtain a TN visa within hours of receiv-

---

* Pursuant to the North American Free Trade Agreement (NAFTA), a TN visa admits Canadian citizens, who are business people seeking to engage in business activities at a professional level, to the United States (8 CFR 214.6 [e] [1]).

ing an offer, it is undisputed that she would not have been available upon receipt of the offer and, as such, cannot be considered eligible for benefits.

Cardona, P. J., Peters, Spain and Graffeo, JJ., concur. Ordered that the decisions are affirmed, without costs.