■ In the Matter of the Claim of VIRA GIBEI, Appellant. COMMISSIONER OF LABOR, Respondent. [727 NYS2d 189] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 29, 2000, which, upon reconsideration, adhered to its prior decision ruling, *inter alia*, that claimant was not

entitled to receive unemployment insurance benefits because she was not available for employment.

Claimant was employed as a home health aide until January 2000 when she was discharged for lack of work. On March 20, 2000 she filed an application for unemployment insurance benefits which was denied because she was not authorized to work in the United States due to the expiration of her work authorization card from the Immigration and Naturalization Service (hereinafter INS). The Unemployment Insurance Appeal Board ultimately held that claimant's earnings for services performed after her work authorization card from INS had expired could not be counted toward the establishment of a valid original claim and that claimant was ineligible for benefits because the expiration of her work authorization card rendered her unavailable for work. Claimant appeals.

We affirm. "[A]n alien without current, valid authorization to work from the INS is not legally available for work and not eligible for benefits" (*Matter of Diamond [Hudacs]*, 210 AD2d 835, 836; *see,* Labor Law § 527 [1] [a]). The record indicates that claimant's work authorization card expired on February 15, 1999, and despite her assertion that she had submitted an application for a new card, she had not yet obtained the card at the time of the October 2000 hearing. Accordingly, we find that substantial evidence supports the Board's decision that claimant was ineligible to receive benefits as she was not available for work (*see, Matter of Graif [Commissioner of Labor]*, 250 AD2d 1012; *Matter of Diamond [Hudacs], supra*) and that her earnings for services performed after her work authorization card from INS had expired could not be counted toward the establishment of a valid original claim (*see,* Labor Law § 590 [9]). Claimant's remaining assertions have been examined and found to be without merit.

Mercure, J. P., Crew III, Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.