■ In the Matter of the Claim of Issac K. Okumakpeyi, Appellant. Commissioner of Labor, Respondent. [744 NYS2d 545] —Mugglin, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 17, 2000, which ruled that claimant was ineligible to receive unemployment insurance benefits because, inter alia, he was not available for employment.

Claimant, a non-United States citizen, worked at a synagogue performing building maintenance duties from mid-March 1998 until he was terminated at the end of June 1998. He filed a claim for unemployment insurance benefits effective June 29, 1998, thereby establishing a base period of June 30, 1997 through June 28, 1998. Following a hearing, the Administrative Law Judge denied his claim on the grounds that claimant did not comply with reporting requirements and was unable to file a valid original claim because his base period employment was excluded due to the fact, inter alia, that he did not produce a valid work authorization from the Immigration and Naturalization Service (hereinafter INS). The Unemployment Insurance Appeal Board affirmed this decision and claimant appeals.

Initially, pursuant to Labor Law § 527 (1) (a), a claimant must be "available for work" in order to file a valid original claim for unemployment insurance benefits. It is well settled that "an alien without current, valid authorization to work from the INS is not legally available for work and not eligible for benefits" (*Matter of Diamond [Hudacs]*, 210 AD2d 835, 836; *see, Matter of Gibei [Commissioner of Labor]*, 284 AD2d 784, 785; *Matter of Graif [Commissioner of Labor]*, 250 AD2d 1012, 1013). In the instant case, claimant did not produce an alien registration card nor any other documentation to support his assertion that he is legally authorized to work in the United States, despite numerous requests to do so. Although claimant attributed the absence of such documentation to the fact that he was robbed, such testimony merely presented an issue of credibility for the Board to resolve (*see, Matter of Santana [Commissioner of Labor]*, 263 AD2d 564, 565; *Matter of Regnier [Commissioner of Labor]*, 260 AD2d 873, 874). Accordingly, substantial evidence supports the Board's decision that claimant was not available for work within the meaning of Labor Law § 527 (1) (a) and we find no reason to disturb the denial of the claim. In light of our decision, we need not address the remaining bases supporting the Board's decision.

Crew III, J.P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.