## State of New York
### Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  November 17, 2016          522672
_____

In the Matter of the Claim of
    VICTOR P. CORSO,
                    Appellant.

                                        MEMORANDUM AND ORDER

COMMISSIONER OF LABOR,
                    Respondent.
_____

Calendar Date:  October 12, 2016

Before:  Peters, P.J., McCarthy, Lynch, Rose and Mulvey, JJ.

_____

        Victor P. Corso, Huntington, appellant pro se.

        Eric T. Schneiderman, Attorney General, New York City (Gary Leibowitz of counsel), for respondent.

_____

Mulvey, J.

        Appeal from three decisions of the Unemployment Insurance Appeal Board, filed May 28, 2015, which ruled, among other things, that claimant was ineligible to receive unemployment insurance benefits because he failed to comply with certification and reporting requirements.

        Contrary to claimant's contention, substantial evidence supports the decisions of the Unemployment Insurance Appeal Board finding that claimant made willful false statements to obtain unemployment insurance benefits.  The record establishes that claimant vacationed in Europe from September 5, 2014 until September 22, 2014 and either attempted to, or in fact did, certify for unemployment insurance benefits during that period. Although claimant had received a Department of Labor handbook, he did not read it and failed to comply with the directives

regarding travel outside the United States.  Specifically, the handbook states that a claimant who travels to a foreign country other than Canada does not qualify for unemployment insurance benefits unless such travel is to search for work.  The handbook specifically notes that "[c]laiming benefits while outside the United States or Canada is considered fraud."  The record also reflects that, upon his initial attempt to certify for unemployment insurance benefits while in Europe, claimant disregarded a notification that appeared on his computer informing him that he should not attempt to certify for benefits because he was outside the United States.  The following week, claimant certified for unemployment insurance benefits using his smartphone and international calling plan that circumvented that notification.  Furthermore, by certifying for unemployment insurance benefits, claimant was attesting that he was ready, willing and able to work, despite the fact that he was on vacation in Europe.

Under these circumstances, we find no reason to disturb the Board's factual conclusion that claimant made willful misrepresentations to obtain benefits (see Matter of Inatomi [Commissioner of Labor], 116 AD3d 1332, 1333 [2014]; Matter of Kossarska-Goetz [Commissioner of Labor], 111 AD3d 1240, 1241 [2013]).  We note that "neither claimant's failure to adequately read the handbook nor the purportedly unintentional nature of his misrepresentation is a valid defense" (Matter of Roberts [Commissioner of Labor], 49 AD3d 1129, 1129-1130 [2008] [internal citations omitted]).  We have reviewed claimant's remaining contentions, including that the forfeiture penalty was excessive, and find them to be without merit.

Peters, P.J., McCarthy, Lynch and Rose, JJ., concur.

ORDERED that the decisions are affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court