Matter of Falso (Commissioner of Labor) (2022 NY Slip Op 00486)





Matter of Falso (Commissioner of Labor)


2022 NY Slip Op 00486


Decided on January 27, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:January 27, 2022

532317
[*1]In the Matter of the Claim of Anthony Falso, Appellant. Commissioner of Labor, Respondent.

Calendar Date:December 30, 2021

Before:Garry, P.J., Egan Jr., Lynch, Clark and Aarons, JJ.

Anthony Falso, Rochester, appellant pro se.
Letitia James, Attorney General, New York City (Gary Leibowitz of counsel), for respondent.



Appeals from two decisions of the Unemployment Insurance Appeal Board, filed September 2, 2020, which ruled, among other things, that claimant was ineligible to receive unemployment insurance benefits because he failed to comply with certification and reporting requirements.
The Unemployment Insurance Appeal Board found that claimant was ineligible to receive unemployment insurance benefits because he failed to comply with the applicable certification and reporting requirements, and then reduced claimant's right to receive future benefits by 80 effective days based upon his willful misrepresentations made in connection therewith. Contrary to claimant's assertion, substantial evidence supports the Board's decisions and, as such, they will not be disturbed.
Claimant, by his own admission, was aware that he had to advise the Department of Labor prior to leaving the country on vacation and, further, that he could not attempt to certify for benefits while outside of the United States, its territories or Canada. Nonetheless, claimant left the country bound for, among other locales, Belize and the Cayman Islands without contacting the Department (see Matter of Kossarska-Goetz [Commissioner of Labor], 111 AD3d 1240, 1240 [2013]) and thereafter attempted to access his online benefits account utilizing the Internet connection aboard the cruise ship upon which he was traveling. Upon receiving a message that such access was unauthorized, claimant contacted the Department via his cell phone utilizing a mobile app that made it appear as though he was calling from his home landline (see Matter of Corso [Commissioner of Labor], 144 AD3d 1367, 1368 [2016]).
Although claimant insisted that he was merely trying to report his absence from the country and that any attempt to certify for benefits was both inadvertent and occasioned by a poor connection, such testimony presented a credibility determination for the Board to resolve (see Matter of McCann [Commissioner of Labor], 143 AD3d 1033, 1034 [2016]). Notably, "the purportedly unintentional nature of [claimant's] misrepresentation[s]" in this regard is not a valid defense (Matter of Corso [Commissioner of Labor], 144 AD3d at 1368; see Matter of McCann [Commissioner of Labor], 143 AD3d at 1034). The record reflects that, although claimant ultimately did notify the Department that he was out of the country, he did not do so until after he certified for benefits. Under these circumstances, we discern no basis upon which to disturb the Board's finding that claimant failed to comply with the applicable certification and reporting requirements and, further, made willful misrepresentations in connection therewith, thereby justifying the loss of 80 effective days (see Matter of Corso [Commissioner of Labor], 144 AD3d at 1368). Claimant's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Garry, P.J., Egan Jr., Lynch, Clark and Aarons, JJ., concur[*2].
ORDERED that the decisions are affirmed, without costs.