Matter of Mikheil (Commissioner of Labor) (2022 NY Slip Op 04075)

Matter of Mikheil (Commissioner of Labor)

2022 NY Slip Op 04075

Decided on June 23, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 23, 2022

533667
[*1]In the Matter of the Claim of Emad Mikheil, Appellant. Commissioner of Labor, Respondent.

Calendar Date:June 1, 2022

Before:Clark, J.P., Pritzker, Reynolds Fitzgerald, Ceresia and Fisher, JJ.

Law Office of Thomas V. Purpi, PC, New York City (Thomas V. Purpi of counsel), for appellant.
Letitia James, Attorney General, New York City (Gary Leibowitz of counsel), for respondent.

Reynolds Fitzgerald, J.
Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 11, 2021, which ruled, among other things, that claimant was ineligible to receive pandemic unemployment assistance.
Claimant, who lived in New York City, traveled to Egypt on February 18, 2020 to attend to a family matter, intending to return at the end of March 2020. It is undisputed that the government of Egypt imposed a travel ban on March 16, 2020 due to the COVID-19 pandemic, and closed the country's airports until July 1, 2020; only two flights left the country during the ban, in early April 2020, and claimant was unable to return to the United States until around July 3, 2020. On March 26, 2020, claimant attempted to use his cellphone from Egypt to file a claim for unemployment insurance benefits, but that effort was blocked because of his location; he then applied for benefits by remotely accessing his home computer in the United States, claiming that he was unemployed due to lack of work. The next day, the Department of Labor sent claimant an Out of Country Questionnaire because he was certifying for benefits from Egypt; he completed and returned the forms, disclosing his reasons for being in Egypt and his inability to return home due to the airport closure. His claim for benefits was denied initially on the ground that he was in Egypt and not ready, willing and able to work or to comply with reporting requirements. As he was ineligible for state benefits, the Department sent him an application for pandemic unemployment insurance benefits under the Coronavirus Aid, Relief and Economic Security Act of 2020 (the CARES Act), enacted on March 27, 2020, which created a new, temporary joint state-federal program called pandemic unemployment assistance (hereinafter PUA) to provide relief to certain workers affected by the COVID-19 pandemic (see 15 USC § 9021, as added by Pub L 116-136, 134 Stat 313). Claimant completed and submitted the PUA application. Claimant thereafter certified for benefits by telephone for the week ending June 14, 2020, attesting that he was ready, willing and able to begin working immediately. Claimant received $600 in federal pandemic unemployment compensation (hereinafter FPUC) (see 15 USC § 9023) and $504 in PUA benefits (see 15 USC § 9021).
By initial determinations, the Department held that claimant was ineligible for state unemployment insurance benefits effective March 16, 2020 through June 28, 2020, because he was not available for employment and could not and did not properly certify for benefits from Egypt [FN1] (see Labor Law §§ 591 [2]; 596 [4]). Claimant's right to receive future benefits was reduced by eight days and a monetary penalty of $100 was imposed because he made willful misrepresentations to obtain benefits (see Labor Law § 594), and he was charged with recoverable overpayments of $504 in PUA benefits and $600 in FPUC benefits (see 15 USC §§ 9021 [h]; 9023 [f] [2]; 20 CFR 625.14 [a]). Following a hearing, an [*2]Administrative Law Judge sustained the determinations and, on appeal, the Unemployment Insurance Appeal Board affirmed. Claimant appeals.
We affirm. To receive state unemployment insurance benefits, claimants must be "ready, willing and able to work" in their field (Labor Law § 591 [2]), which presents a question of fact for the Board to resolve (see Matter of Ormanian [Montauk Bus Serv., Inc.—Commissioner of Labor], 167 AD3d 1183, 1184 [2018], lv dismissed 32 NY3d 1221 [2019]). Claimant traveled to Egypt for personal reasons unrelated to employment, where he remained until the airports reopened in July 2020. The unemployment insurance handbook made available to claimant online when he applied for benefits advised that he was responsible to read it, and apprised him that he is not considered to be available for employment unless he can accept work immediately; the handbook directed claimants not to certify for benefits from outside of the United States, its territories or Canada because they may not claim benefits for any period of time that they are outside of those geographic parameters, and that doing so is fraud. Claimant is charged with constructive knowledge of the handbook notices regarding the availability requirement when certifying for benefits from abroad. Although claimant testified that he was prepared to take a job immediately but for the airport closure, this at most presented a factual question that the Board resolved against him and, moreover, substantial evidence supports the Board's determination that, while in Egypt, he was not available for immediate employment in the United States (see Matter of Inatomi [Commissioner of Labor], 116 AD3d 1332, 1333 [2014]; Matter of Kossarska-Goetz [Commissioner of Labor], 111 AD3d 1240, 1240-1241 [2013]).
Claimant contends that he was nonetheless entitled to PUA benefits and, therefore, the Board improperly ordered him to repay those benefits. As relevant here, PUA benefits are available to "covered individual[s]," defined as those who are not eligible for any other unemployment benefits, who certify to two prerequisites: that they are "otherwise able to work and available for work within the meaning of applicable State law" but are "unemployed . . . or unable . . . to work" because of one or more statutorily enumerated factors (15 USC § 9021 [a] [3] [A] [ii] [I] [emphasis added]; [b]; see Matter of Mangiero [Commissioner of Labor], 197 AD3d 1458, 1459 [2021], lv denied 38 NY3d 901 [2022]). Although claimant was ineligible for any other benefits, the Board correctly concluded that he was not available for work within the meaning of State law, i.e. Labor Law § 591 (2), as he was outside of the country and, thus, he did not satisfy the first prerequisite for entitlement to PUA benefits (see 15 USC § 9021 [a] [3] [A] [ii] [I]). Claimant's further argument that he qualified for PUA as he satisfied the second prerequisite, in that he was "unable to reach the place of employment because [*3]of a quarantine imposed as a direct result of the COVID-19" pandemic, is unavailing (15 USC § 9021 [a] [3] [A] [ii] [I] [ee]), as there was no proof that he was exposed to COVID-19 and in quarantine in Egypt. Contrary to claimant's argument, the Board rationally interpreted the governing statutory criteria for PUA benefits and its decision that he was not entitled to such benefits is supported by substantial evidence. To that end, the Board's interpretation is consistent with the guidance provided by the US Department of Labor, the federal agency tasked with providing operating instructions for the joint state-federal pandemic unemployment insurance program (see 15 USC § 9032 [b]), of which we take judicial notice (see United States Department of Labor, Employment and Training Administration, Unemployment Insurance Program Letter No. 16-20, at I-3, I-5, I-9 [https://wdr.doleta.gov/directives/attach/UIPL/UIPL_16-20.pdf]). Because claimant was not entitled to PUA or FPUC, the Board properly assessed overpayments of benefits paid (see 15 USC §§ 9021 [h]; 9023 [b] [1]; [f] [2]; 20 CFR 625.11, 625.14 [a]; Matter of Frederick [Commissioner of Labor], 197 AD3d 1456, 1457-1458 [2021]). Moreover, under these circumstances, we find no reason to disturb the Board's factual conclusion that claimant made willful misrepresentations to obtain benefits, or the resulting imposition of recoverable overpayments, forfeiture and penalties (see Labor Law §§ 594, 597 [4]; Matter of Falso [Commissioner of Labor], 201 AD3d 1285, 1285-1286 [2022], lv denied ___ NY3d ___ [June 16, 2022]; Matter of Corso [Commissioner of Labor], 144 AD3d 1367, 1368 [2016]). We have examined claimant's remaining contentions and find that none has merit.
Clark, J.P., Pritzker, Ceresia and Fisher, JJ., concur.
ORDERED that the decision is affirmed, without costs.

Footnotes

Footnote 1: The parties agree that Egypt is not a signatory to any Interstate Benefits Payment Plan, which provides a method for persons entitled to unemployment compensation in one state who are absent from that state to receive benefits from another signatory state or territory where they reside, which acts as an agent for the payment of benefits (see 26 USC § 3304 [a] [9] [A]; https://oui.doleta.gov/unemploy/pdf/istate_agree_bene_ payment.pdf). As such, substantial evidence supports the Board's conclusion that claimant did not and could not comply with the reporting requirements from Egypt (see Labor Law § 596; 12 NYCRR 473.1, 473.2, 473.3; Matter of Inatomi [Commissioner of Labor], 116 AD3d 1332, 1333 [2014]).