Matter of Lefkow (Commissioner of Labor) (2022 NY Slip Op 05122)

Matter of Lefkow (Commissioner of Labor)

2022 NY Slip Op 05122

Decided on September 1, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 1, 2022

533840
[*1]In the Matter of the Claim of Lindsey Lefkow, Appellant. Commissioner of Labor, Respondent.

Calendar Date:August 18, 2022

Before:Garry, P.J., Lynch, Aarons, Ceresia and Fisher, JJ.

Sanders & Sanders, Cheektowaga (Harvey P. Sanders of counsel), for appellant.
Letitia James, Attorney General, New York City (Gary Leibowitz of counsel), for respondent.

Fisher, J.
Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 20, 2021, which ruled, among other things, that claimant was ineligible to receive unemployment insurance benefits because she failed to comply with certification and reporting requirements.
Claimant, who resides in New York City, works as a production coordinator in the film industry on a project-to-project basis. On February 3, 2020, claimant traveled to Costa Rica to visit her spouse, who is a citizen of that country. In anticipation of being hired on a new project, claimant booked a return flight to the United States for March 4, 2020. That project was delayed, however, and claimant decided to remain in Costa Rica.[FN1] It is undisputed that the government of Costa Rica imposed a travel ban in mid-March 2020 due to the pandemic caused by the coronavirus known as COVID-19. Beginning in May 2020, a limited number of flights to the United States resumed.
Claimant filed a claim for unemployment insurance benefits online from Costa Rica in early May 2020, but was informed by the Department of Labor that she could not claim benefits while out of the country. Despite this admonition, claimant filed another online claim from Costa Rica and was able to certify for benefits, resulting in her receiving state unemployment benefits for the weeks ending March 22, 2020 to May 3, 2020. Claimant was also awarded pandemic unemployment insurance benefits under the Coronavirus Aid, Relief and Economic Security Act of 2020 (the CARES Act)[FN2] and received federal pandemic unemployment compensation (hereinafter FPUC) for the weeks of April 5, 2020 to May 3, 2020 (see 15 USC § 9023 [b] [3]).
By initial determinations, the Department of Labor held that claimant was ineligible for unemployment insurance benefits effective March 9, 2020 to July 12, 2020 because she was not immediately available for employment in her labor market, and she could not certify for benefits from Costa Rica. Finding that claimant made willful misrepresentations to obtain benefits, she was charged with recoverable overpayments of state unemployment benefits and FPUC benefits. Additionally, claimant's right to receive future benefits was reduced by 80 days and a monetary penalty was imposed (see Labor Law § 594). Following a hearing, an Administrative Law Judge concluded that there was insufficient evidence that claimant used an accomplice or a VPN in order to circumvent the block on international certifications and modified the reduction of claimant's right to receive future benefits from 80 days to 8 days, but otherwise affirmed the determinations.[FN3] On appeal, the Unemployment Insurance Appeal Board affirmed and claimant appeals.
Claimant challenges the Board's finding that she was ineligible for benefits because she was not available for employment at the time she applied for benefits while in Costa Rica. A claimant is not eligible to receive unemployment insurance benefits if he or she is "not ready, willing [*2]and able to work in his [or her] usual employment or in any other for which he [or she] is reasonably fitted by training and experience" (Labor Law § 591 [2]; see Matter of Gray [Commissioner of Labor], 150 AD3d 1520, 1520 [3d Dept 2017]). Whether a claimant is ready, willing and able to work is a question of fact for the Board to resolve and its determination will not be disturbed if supported by substantial evidence (see Matter of Inatomi [Commissioner of Labor], 116 AD3d 1332, 1333 [3d Dept 2014]; Matter of Kossarska-Goetz [Commissioner of Labor], 111 AD3d 1240, 1240-1241 [3d Dept 2013]). Claimant went to Costa Rica for personal reasons unrelated to employment, she was not authorized to work in Costa Rica and there is no evidence in the record that she could perform her job remotely. Claimant's contention that she was available to work immediately raised a question of fact for the Board to resolve (see Matter of Kossarska-Goetz [Commissioner of Labor], 111 AD3d at 1240-1241) and we find that substantial evidence supports the Board's determination that she was ineligible to receive state unemployment insurance benefits and FPUC payments because she could not comply with the filing or certification requirements (see Labor Law § 596; 15 USC § 9023 [b] [1]; Matter of Mikheil [Commissioner of Labor], 206 AD3d 1422, 1424 [3d Dept 2022]; Matter of Inatomi [Commissioner of Labor], 116 AD3d at 1333).
As to the imposition of recoverable overpayments, forfeiture and penalties, the unemployment insurance handbook made available to claimant when she applied for benefits advised her that she was responsible for reading it and informed her that she was not eligible for benefits if she was not able to take a job immediately. The handbook further advised claimant that she would not be eligible for benefits for any period that she was "outside the United States, Canada, Puerto Rico or the Virgin Islands" because she would not be considered "available to work," even if she was looking for work, and informed her not to state or certify that she was ready, willing and able to work during that time period. The handbook also advised that receiving benefits and certifying that she was ready, willing and able to work for periods of time when she was out of the country could "lead to severe penalties, including overpayment, a loss of up to 20 weeks of future benefits, monetary penalties, criminal prosecution and prison." Moreover, the record reflects that claimant was advised when she first attempted to file for benefits while in Costa Rica that she could not claim benefits until she returned to the United States. Finally, although claimant testified that she did not read the handbook or the certification for benefits she submitted for each of the weeks she sought benefits, she did not dispute that, as part of her certification, she affirmed that the statements in the certification were true and that she was not claiming benefits for any time she was outside the United [*3]States, its territories or Canada. Under these circumstances, we find no basis to disturb the Board's finding that claimant made willful misrepresentations to obtain benefits warranting the imposition of recoverable overpayments of state unemployment insurance benefits and FPUC payments, forfeiture and penalties (see Labor Law § 594; 15 USC §§ 9021 [h]; 9023 [b] [1]; [f] [2]; 20 CFR 625.11, 20 CFR 625.14; Matter of Mikheil [Commissioner of Labor], 206 AD3d at 1425; Matter of Falso [Commissioner of Labor], 201 AD3d 1285, 1285-1286 [3d Dept 2022], lv denied 38 NY3d 910 [2022]; Matter of Corso [Commissioner of Labor], 144 AD3d 1367, 1368 [3d Dept 2016]).[FN4] Claimant's remaining contentions, including that the Administrative Law Judge was biased against her, have been considered and found to be without merit.
Garry, P.J., Lynch, Aarons and Ceresia, JJ., concur.
ORDERED that the decision is affirmed, without costs.

Footnotes

Footnote 1: According to claimant, she ultimately did not get offered employment on that project.

Footnote 2: The CARES Act was enacted on March 27, 2020 and created a temporary joint state-federal program to provide relief to certain workers affected by the COVID-19 pandemic (see 15 USC § 9021, as added by Pub L 116-136, 134 US Stat 281, 313).

Footnote 3: As of October 29, 2020, the date of the hearing, claimant was still in Costa Rica and was planning to return to the United States on November 25, 2020.

Footnote 4: Notably, neither claimant's failure to read the handbook or the certifications "nor the purportedly unintentional nature of [her] misrepresentation[s] is a valid defense" (Matter of Corso [Commissioner of Labor], 144 AD3d at 1368 [internal quotation marks and citation omitted]).