Matter of Magassouba (Commissioner of Labor) (2022 NY Slip Op 05573)

Matter of Magassouba (Commissioner of Labor)

2022 NY Slip Op 05573

Decided on October 6, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 6, 2022

534452
[*1]In the Matter of the Claim of Moustapha Magassouba, Appellant. Commissioner of Labor, Respondent.

Calendar Date:September 9, 2022

Before:Garry, P.J., Egan Jr., Lynch, Clark and Ceresia, JJ.

Moustapha Magassouba, New York City, appellant pro se.
Letitia James, Attorney General, New York City (Linda D. Joseph of counsel), for respondent.

Egan Jr., J.
Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 5, 2021, which ruled, among other things, that claimant was ineligible to receive pandemic unemployment assistance.
Claimant immigrated to the United States from Guinea on a business visa in 1990. Claimant's subsequent request to adjust his immigration status was denied due to a prior criminal conviction, and he was in the process of being removed from the country when he obtained an executive pardon in 2013. In the interim, claimant remained in the United States, obtained a Social Security card that was valid for work only with appropriate authorization and filed a family petition seeking to adjust his status to lawful permanent resident. In 2016, claimant formed his own limited liability company, where he worked as an electrician, and thereafter obtained authorization to work in the United States from June 5, 2017 through June 4, 2018. Although claimant's family petition was granted in September 2019 — rendering him eligible for a visa once one became available — claimant did not receive a visa at that time and did not seek to renew his employment authorization prior to the expiration thereof.[FN1]
Claimant stopped working in March 2020, and his subsequent application for regular unemployment insurance benefits was denied upon the ground that the wages earned during the relevant time period were excludable because they were attributable to the services claimant performed for his limited liability company and, further, were earned during a period of time when claimant was not authorized to work in the United States. Claimant also was apprised that he had insufficient earnings in either his base period or alternate base period to file a valid original claim and that he was disqualified from receiving benefits effective March 2, 2020 and continuing until the basis for his ineligibility, i.e., his unavailability for work due to his lack of employment authorization, ceased. Additionally, claimant was deemed to be ineligible for pandemic unemployment assistance provided pursuant to the Coronavirus Aid, Relief and Security Act, more commonly known as the CARES Act, enacted on March 27, 2020 (see 15 USC § 9021, as added by Pub L 116-136, 134 US Stat 281, 313). As he already had received certain benefits, claimant was charged with a recoverable overpayment of pandemic unemployment assistance (hereinafter PUA) and federal pandemic unemployment compensation (hereinafter FPUC).
Following a hearing, an Administrative Law Judge (hereinafter ALJ) sustained the initial determinations, finding, among other things, that claimant did not have sufficient earnings during either the base period or alternate base period to file a valid original claim for unemployment insurance benefits and that claimant was unavailable for employment from March 2, 2020 through February 9, 2021. As for the pandemic-related benefits paid, the ALJ concluded, among other things, that claimant was not authorized [*2]to work in the United States from June 5, 2018 to February 9, 2021 and, therefore, was unavailable for work and ineligible to receive such benefits. The Unemployment Insurance Appeal Board affirmed the ALJ's decision and charged claimant with a recoverable overpayment of the PUA and FPUC awards. This appeal ensued.
We affirm. The crux of claimant's argument upon appeal is that because he had a Social Security card, a federal tax identification number and a state vendor license while he was awaiting a visa, he was in fact authorized to work in this state and was eligible for pandemic-related benefits. Claimant's argument in this regard ignores the fact that his Social Security card expressly stated that it was subject to appropriate work authorization — authorization that claimant possessed from June 5, 2017 through June 4, 2018 but did not obtain again until February 10, 2021. Although the notice advising claimant of his eligibility for a visa provided for an extension of employment authorization under certain enumerated circumstances, nothing in the record suggests that claimant met the criteria set forth therein. As this Court previously has recognized, "[i]n order to be considered available for work and, therefore, eligible to receive unemployment insurance benefits, a non-United States citizen must have valid authorization . . . to work in the United States" (Matter of Bruyne [Commissioner of Labor], 95 AD3d 1590, 1591 [3d Dept 2012] [internal quotation marks and citations omitted]; see Matter of Okumakpeyi [Commissioner of Labor], 295 AD2d 828, 829 [3d Dept 2002]; Matter of Gibei [Commissioner of Labor], 284 AD2d 784, 785 [3d Dept 2001]). Given that claimant's work authorization expired on June 4, 2018 and was not renewed until February 10, 2021, he was unavailable for work in the interim and, hence, was ineligible to receive regular unemployment insurance benefits from June 5, 2018 to February 9, 2021 (see Matter of Bruyne [Commissioner of Labor], 95 AD3d at 1591; Matter of Enrique [Commissioner of Labor], 13 AD3d 967, 968 [3d Dept 2004]; Matter of Gibei [Commissioner of Labor], 284 AD2d at 785).
With respect to the pandemic-related benefits, the CARES Act provides a "covered individual" with "unemployment benefit assistance while such individual is unemployed, partially unemployed, or unable to work for the weeks of such unemployment with respect to which the individual is not entitled to any other unemployment compensation . . . or waiting period credit" (15 USC § 9021 [b]). "A covered individual is defined, in relevant part, as a person who is ineligible 'for regular compensation or extended benefits under state or federal law or pandemic emergency unemployment compensation under 15 USC § 9025' and who, despite being otherwise able and available to work [within the meaning of applicable state law], is unable or unavailable to do so because of one or more specified factors relating to the COVID-19 pandemic" (Matter of Ward [Commissioner [*3]of Labor], 205 AD3d 1289, 1290 [3d Dept 2022] [brackets and citation omitted], quoting 15 USC § 9021 [a] [3] [A] [i]; see 15 USC § 9021 [a] [3] [A] [ii] [I]; Matter of Mikheil [Commissioner of Labor], 206 AD3d 1422, 1425 [3d Dept 2022]). Although claimant met the first prong of the test — ineligibility for other unemployment compensation — he nonetheless did not qualify as a covered individual because he was not authorized to work in the United States during the relevant time period and, hence, was not otherwise able and available to work within the meaning of Labor Law § 590 (9) (a) (see Matter of Enrique [Commissioner of Labor], 13 AD3d at 968). Having failed to fully satisfy the statutory criteria, claimant was ineligible to receive both PUA benefits (see Matter of Mikheil [Commissioner of Labor], 206 AD3d at 1425) and any FPUC funds (see 15 USC §§ 9021 [h]; 9023 [f] [2]), and substantial evidence supports the Board's imposition of recoverable overpayments (see Matter of Mikheil [Commissioner of Labor], 206 AD3d at 1425; Matter of Frederick [Commissioner of Labor], 197 AD3d 1456, 1458 [3d Dept 2021]). Claimant's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Garry, P.J., Lynch, Clark and Ceresia, JJ., concur.
ORDERED that the decision is affirmed, without costs.

Footnotes

Footnote 1: The only other record evidence shows that claimant was permitted to work in the United States from February 10, 2021 through February 9, 2022.