Matter of Allutto (Commissioner of Labor) (2022 NY Slip Op 06055)

Matter of Allutto (Commissioner of Labor)

2022 NY Slip Op 06055

Decided on October 27, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 27, 2022

534741
[*1]In the Matter of the Claim of Anthony Allutto, Appellant. Commissioner of Labor, Respondent.

Calendar Date:September 14, 2022

Before:Garry, P.J., Lynch, Aarons, Pritzker and McShan, JJ.

Freshfields Bruckhaus Deringer US LLP, New York City (Shannon K. McGovern of counsel), for appellant.
Letitia James, Attorney General, New York City (Gary Leibowitz of counsel), for respondent.

Aarons, J.
Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 6, 2021, which ruled, among other things, that claimant was ineligible to receive pandemic unemployment assistance.
In February 2020, claimant, a cab driver in New York City, took time off from work to undergo surgery and was told that the recovery from the surgery would take between six and eight weeks. Prior to claimant returning to work, then-Governor Andrew M. Cuomo held a press conference on March 20, 2020 calling for the state to be put "on pause" due to the COVID-19 pandemic. Based upon statements made by the Governor in that press conference, claimant, who was not otherwise entitled to unemployment insurance benefits, applied for, and initially received, pandemic unemployment assistance (hereinafter PUA) benefits, effective March 23, 2020, pursuant to the federal Coronavirus Aid, Relief, and Economic Security Act of 2020 (the CARES Act) (see 15 USC § 9021, as added by Pub L 116-136, 134 US Stat 281, 313). The Department of Labor subsequently issued revised decisions finding that claimant was ineligible to receive such benefits and charging him with a recoverable overpayment. Following a hearing, an Administrative Law Judge, in a combined decision, upheld those decisions. Upon administrative appeal, the Unemployment Insurance Appeal Board affirmed. Claimant appeals.
Beginning in January 2020, PUA was available to covered individuals "for weeks of unemployment, partial unemployment, or inability to work caused by COVID-19" (15 USC § 9021 [c] [1] [A]; see Matter of Ward [Commissioner of Labor], 205 AD3d 1289, 1290 [3d Dept 2022]). Covered individuals are defined, in relevant part, as people who are "not eligible for regular compensation or extended benefits under [s]tate or [f]ederal law or pandemic emergency unemployment compensation under [15 USC §] 9025" and who, despite being otherwise able and available to work, are unemployed or unable or unavailable to work as a result of one or more of the 11 enumerated, pandemic-related reasons (15 USC § 9021 [a] [3] [A]; see Matter of Ward [Commissioner of Labor], 205 AD3d at 1290; Matter of Mangiero [Commissioner of Labor], 197 AD3d 1458, 1459 [3d Dept 2021], lv denied 38 NY3d 901 [2022]).
Claimant contends that he qualifies as a covered individual for PUA namely because he was "unable to reach the place of employment because of a quarantine imposed as a direct result of the COVID-19 public health emergency" (15 USC § 9021 [a] [3] [A] [ii] [I] [ee]). Claimant premises his argument on the Governor's March 20, 2020 press conference wherein the Governor spoke about rules and guidance to protect vulnerable individuals, which was dubbed "Matilda's Law" (see https://
www.governor.ny.gov/news/video-audio-photos-rush-transcript-governor-cuomo-signs-new-york-state-pause-executive-order). According to claimant, the rules that made up Matilda's Law amounted to a "quarantine imposed" as it advised the vulnerable population — which [*2]included those, like claimant, who were 70 years old and older and those with underlying health conditions — to take specific precautions, including staying home. Claimant contends that the Board's finding that Matilda's Law was not applicable to PUA is irrational and inconsistent with the plain language of the statute.
We disagree. We take judicial notice of the guidance from the US Department of Labor — the federal agency tasked with providing operating instructions for the joint federal-state pandemic unemployment insurance program (see 15 USC § 9032 [b]) — which directs that, to qualify under the provision relied upon by claimant, a person, in order to reach his or her place of employment, would have to violate a state or municipal order restricting travel that was instituted to combat the spread of COVID-19 (see United States Department of Labor, Employment and Training Administration, Unemployment Insurance Program Letter No. 16-20, Attachment I at I-5, https://wdr.doleta.gov/
directives/attach/UIPL/UIPL_16-20_Attachment_1.pdf; see also Matter of Mikheil [Commissioner of Labor], 206 AD3d 1422, 1425 [3d Dept 2022]; Matter of Ward [Commissioner of Labor], 205 AD3d at 1290; Matter of Mangiero [Commissioner of Labor], 197 AD3d at 1459-1460). Matilda's Law, despite its moniker, is not an enacted law. Moreover, and as conceded by claimant, Matilda's Law was not codified into the March 22, 2020 Executive Order (see Executive Order [A. Cuomo] No. 202.8 [9 NYCRR 8.202.8]). Rather, the press conference presented a set of suggested rules and guidance for the protection of vulnerable individuals, such as claimant, against the spread of COVID-19. Although it encouraged vulnerable individuals to stay home, there was no mandate, law or order imposing a quarantine or restricting travel. In fact, Matilda's Law provided guidance and suggestions in the event that a vulnerable individual chose to socialize — i.e., prescreen visitors. As Matilda's Law cannot be viewed as imposing a quarantine, there is no basis to disturb the Board's finding that claimant did not meet the criteria for PUA under the CARES Act under that provision. To the extent not specifically addressed, claimant's remaining contentions are without merit.
Garry, P.J., Lynch, Pritzker and McShan, JJ., concur.
ORDERED that the decision is affirmed, without costs.