Matter of Henry (Commissioner of Labor) (2022 NY Slip Op 07122)

Matter of Henry (Commissioner of Labor)

2022 NY Slip Op 07122

Decided on December 15, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 15, 2022

534853
[*1]In the Matter of the Claim of Logan T. Henry, Appellant. Commissioner of Labor, Respondent.

Calendar Date:November 14, 2022

Before:Garry, P.J., Clark, Aarons, Pritzker and McShan, JJ.

Logan T. Henry, Boynton Beach, Florida, appellant pro se.
Letitia James, Attorney General, New York City (Gary Leibowitz of counsel), for respondent.

Clark, J.
Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 23, 2021, which ruled, among other things, that claimant was ineligible to receive unemployment insurance benefits because he was not available for employment.
Claimant, a lifeguard, filed an original claim for benefits in November 2019 and initially was awarded benefits through March 8, 2020. On March 12, 2020, claimant flew to Grenada to attend a relative's funeral and, due to a travel ban imposed as a result of the COVID-19 pandemic, did not return to the United States until July 22, 2020. Following his return, claimant again was awarded unemployment insurance benefits from July 26, 2020 through November 29, 2020. Additionally, claimant filed a "back claim" — seeking to obtain unemployment insurance benefits from March 27, 2020 through July 22, 2020 and asserting that he was ready, willing and able to work despite the fact that he was in Grenada during that time period. The Department of Labor deemed claimant ineligible to receive benefits because he was not available for employment and failed to properly report. It also reduced his right to receive future benefits by four effective days based upon his willful misrepresentations made in connection therewith. Following a hearing, an Administrative Law Judge issued a combined decision upholding the initial determinations. The Unemployment Insurance Appeal Board affirmed, prompting this appeal.[FN1]
We affirm. In order for a claimant to be eligible for unemployment insurance benefits, he or she must be "ready, willing and able to work in his [or her] usual employment or in any other [employment] for which he [or she] is reasonably fitted by training and experience" (Labor Law § 591 [2]; see Matter of Lefkow [Commissioner of Labor], 208 AD3d 1408, 1409 [3d Dept 2022]; Matter of Mikheil [Commissioner of Labor], 206 AD3d 1422, 1424 [3d Dept 2022]; Matter of Juneau [Commissioner of Labor], 150 AD3d 1525, 1525 [3d Dept 2017]). "Whether a claimant is ready, willing and able to work is a question of fact for the Board to resolve and its determination will not be disturbed if supported by substantial evidence" (Matter of Lefkow [Commissioner of Labor], 208 AD3d at 1409 [citations omitted]; see Matter of Mikheil [Commissioner of Labor], 206 AD3d at 1424; Matter of Ormanian [Montauk Bus Serv., Inc.-Commissioner of Labor], 167 AD3d 1183, 1184 [3d Dept 2018], lv dismissed 32 NY3d 1221 [2019]).
There is no dispute that claimant traveled to Grenada for personal reasons, and nothing in the record suggests that claimant was authorized to work in that country or that he could perform his job remotely. More to the point, the unemployment insurance handbook, which claimant admittedly read online, expressly advised claimant that he would not be considered to be available for employment unless he could accept a position immediately. Accepting claimant's testimony that the travel ban then in place precluded him from returning to the United [*2]States until July 22, 2020, it necessarily follows that claimant was not ready, willing and able to work in this country during the relevant time period (March 27, 2020 to July 22, 2020). Accordingly, claimant was properly denied unemployment insurance benefits as he was not available for employment (see Matter of Lefkow [Commissioner of Labor], 208 AD3d at 1409-1410; Matter of Mikheil [Commissioner of Labor], 206 AD3d at 1424; Matter of Kossarska-Goetz [Commissioner of Labor], 111 AD3d 1240, 1240-1241 [3d Dept 2013]).[FN2]
Substantial evidence also supports the Board's determination that claimant made willful misrepresentations when he twice certified that he was ready, willing and able to work during the period of time that he was still in Grenada. Claimant's argument — that he would have been available for work but for the underlying travel ban — ignores the fact that the unemployment insurance handbook clearly advised claimant that he could not claim benefits during the period of time that he was traveling outside of the United States and warned him that knowingly providing false information or withholding information while applying for benefits would result in, among other things, a loss of future benefit days. In any event, "the purportedly unintentional nature of claimant's misrepresentations in this regard is not a valid defense" (Matter of Falso [Commissioner of Labor], 201 AD3d 1285, 1285 [3d Dept 2022] [internal quotation marks, brackets and citation omitted], lv denied 38 NY3d 910 [2022]).
Finally, we discern no basis upon which to disturb the Board's finding that claimant failed to comply with the applicable reporting requirements (see Labor Law § 596 [4]). Claimant could not have complied with such requirements during the relevant time period, as he was precluded from certifying for benefits while in Grenada, which also was not a signatory to the Interstate Benefit Payment Plan. Claimant's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Garry, P.J., Aarons, Pritzker and McShan, JJ., concur.
ORDERED that the decision is affirmed, without costs.

Footnotes

Footnote 1: Claimant's subsequent application for reopening, which was denied, is not at issue here.

Footnote 2: To the extent that claimant contends that he should be entitled to pandemic unemployment assistance pursuant to the Coronavirus Aid, Relief and Economic Security Act of 2020 (the CARES Act) (15 USC § 9021, as added by Pub L 116-136, 134 US Stat 281, 313; see also 15 USC § 9025) and/or relies upon certain eligibility provisions thereof (see 15 USC § 9021 [a] [3] [A]), the record makes clear that claimant filed for — and was denied — state unemployment insurance benefits, i.e., his eligibility for federal pandemic unemployment assistance is not at issue here.