Matter of McNamara (Commissioner of Labor) (2023 NY Slip Op 02163)

Matter of McNamara (Commissioner of Labor)

2023 NY Slip Op 02163

Decided on April 27, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 27, 2023

535817
[*1]In the Matter of the Claim of Barry McNamara, Appellant. Commissioner of Labor, Respondent.

Calendar Date:March 31, 2023

Before:Egan Jr., J.P., Clark, Pritzker, Ceresia and Fisher, JJ.

Barry McNamara, East Rockaway, appellant pro se.
Letitia James, Attorney General, New York City (Linda D. Joseph of counsel), for respondent.

Pritzker, J.
Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 04, 2022, which ruled, among other things, that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed.
Beginning July 1, 2019, claimant, a self-employed educational consultant, was employed on a full-time basis by Concordia College as an associate dean of education, and he also worked as an adjunct professor for Concordia College and was separately paid for those services. In March 2020, as a result of the COVID-19 pandemic, claimant's educational consulting services ceased due to school closures, although he continued to be employed both as an associate dean of education and as an adjunct professor by Concordia College. In May 2020, claimant filed an application for unemployment insurance benefits, effective March 9, 2020, and the Department of Labor determined that he was eligible for pandemic unemployment assistance (hereinafter PUA) under the Coronavirus Aid, Relief and Economic Security Act of 2020 (the CARES Act) (see 15 USC § 9021, as added by Pub L 116-136, 134 US stat 281, 313). Based upon claimant's certifications that he had worked zero days and earned an amount not in excess of the statutory limit between the weeks ending March 29, 2020 through July 4, 2021 — with the exception of the weeks ending May 23, 2021 through June 20, 2021 when claimant reported that he had worked one day and earned in excess of the statutory limit — claimant received PUA, federal pandemic unemployment compensation (hereinafter FPUC) (see 15 USC § 9023) and lost wages assistance (hereinafter LWA) (see 44 CFR 206.120). Thereafter, the Department of Labor found that claimant was ineligible for unemployment insurance benefits because he was not totally unemployed during the relevant time period, charged him with a recoverable overpayment of PUA as well as FPUC and LWA benefits and imposed a monetary penalty based upon a finding that he made willful misrepresentations to obtain those benefits. Following a hearing, an Administrative Law Judge upheld the initial determinations. By decision filed December 12, 2021, the Unemployment Insurance Appeal Board affirmed the decision of the Administrative Law Judge, and this appeal ensued.
We affirm. As an initial matter, there is no dispute that claimant continued to work at his full-time and adjunct faculty positions at Concordia College and continued to receive his regular salary during the period at issue. Accordingly, the Board's decision that claimant was ineligible for unemployment insurance benefits because he was not totally unemployed is supported by substantial evidence (see Labor Law § 591 [1]; Matter of Chin [Commissioner of Labor], 211 AD3d 1263, 1264 [3d Dept 2022]; Matter of Nottage [Commissioner of Labor], 204 AD3d 1213, 1214 [3d Dept 2022]). Given the Board's finding that claimant was not totally unemployed and therefore ineligible for unemployment insurance benefits under state [*2]law, claimant was also not eligible to receive federal pandemic assistance under the CARES Act (Matter of Chin [Commissioner of Labor], 211 AD3d at 1264; see generally Matter of Magassouba [Commissioner of Labor], 209 AD3d 1089, 1091-1092 [3d Dept 2022]).
With regard to the Board's finding that claimant willfully made a false statement or representation to obtain benefits resulting in the imposition of recoverable overpayment of benefits, claimant failed to disclose his continued full-time employment when certifying for benefits, despite being explicitly informed by the Department that, among other things, employment or self-employment would reduce his weekly benefit rate. Moreover, as the arbiter of credibility, the Board was entitled to reject as incredible claimant's exculpatory testimony that he certified for benefits because he allegedly was informed by unnamed individuals at the Department on unknown dates that he was eligible for said benefits. Accordingly, claimant was properly charged with recoverable overpayments for the PUA (see 15 USC § 9021 [h]; 20 CFR 625.14), FPUC (see 15 USC § 9023 [b] [1]; [f] [2]) and LWA (44 CFR 206.120 [f] [5]) benefits that claimant received (see Matter of Chin [Commissioner of Labor], 211 AD3d at 1264; Matter of Johnson [Commissioner of Labor], 210 AD3d 1260, 1262 [3d Dept 2022]). Given the Board's finding that claimant willfully made a false statement or representation to obtain benefits, there is also no basis to disturb the Board's imposition of a monetary penalty (see Labor Law §§ 594, 597 [4]; Matter of Henry [Commissioner of Labor], 211 AD3d 1296, 1297-1298 [3d Dept 2022]; Matter of Mikheil [Commissioner of Labor], 206 AD3d 1422, 1425 [3d Dept 2022]). To the extent we have not addressed claimant's remaining contentions, we find them to be unavailing.
Egan Jr., J.P., Clark, Ceresia and Fisher, JJ., concur.
ORDERED that the decision is affirmed, without costs.