Matter of Bellantoni (Commissioner of Labor) (2023 NY Slip Op 04472)

Matter of Bellantoni (Commissioner of Labor)

2023 NY Slip Op 04472

Decided on August 31, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:August 31, 2023

CV-22-2378
[*1]In the Matter of the Claim of Anthony Bellantoni, Appellant. Commissioner of Labor, Respondent.

Calendar Date:August 17, 2023

Before:Garry, P.J., Egan Jr., Clark, Fisher and McShan, JJ.

Anthony Bellantoni, White Plains, appellant pro se.
Letitia James, Attorney General, New York City (Gary Leibowitz of counsel), for respondent.

Clark, J.
Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 6, 2022, which ruled, among other things, that claimant was properly charged with an overpayment of certain federal COVID-19 pandemic benefits.
In April 2020, claimant, a self-employed home improvement contractor, filed an application for unemployment insurance benefits, effective March 9, 2020. In applying for benefits, claimant cited a lack of work as a result of the COVID-19 pandemic, and the Department of Labor determined that he was eligible for pandemic unemployment assistance (hereinafter PUA) under the Coronavirus Aid, Relief and Economic Security Act of 2020 (the CARES Act) (see 15 USC § 9021). Based upon information in claimant's application for PUA benefits, the Department of Labor determined his weekly benefit rate to be $404 and claimant received benefits accordingly. Subsequently, in response to a request by the Department of Labor to verify his income during the applicable base period, claimant submitted his 2019 tax records, showing a significantly lower annual net income than had been reported in his application. Based upon these records, the Department adjusted claimant's benefit rate to the minimum rate of $182 per week and charged him with a recoverable overpayment of PUA benefits in the amount of $6,438. Following a hearing, an Administrative Law Judge upheld the determination. The Unemployment Insurance Appeal Board affirmed, and claimant appeals.
We affirm. "Beginning in January 2020, PUA was available to covered individuals 'for weeks of unemployment, partial unemployment, or inability to work caused by COVID-19' " (Matter of Allutto [Commissioner of Labor], 209 AD3d 1250, 1251 [3d Dept 2022], quoting 15 USC § 9021 [c] [1] [A]; see Matter of Mangiero [Commissioner of Labor], 197 AD3d 1458, 1458-1459 [3d Dept 2021], lv denied 38 NY3d 901 [2022]). Where an individual is eligible for PUA benefits (see Matter of Allutto [Commissioner of Labor], 209 AD3d at 1251), the weekly benefit rate is "the weekly benefit amount authorized under the unemployment compensation law of the [s]tate where the covered individual was employed, except that the amount may not be less than the minimum weekly benefit amount described in [20 CFR 625.6]" (15 USC § 9021 [d] [1] [A] [i]). "[T]he base period to be utilized in computing the . . . weekly [benefit] amount shall be the most recent tax year that has ended for the individual (whether an employee or self-employed) prior to the individual's unemployment that was a direct result of the [COVID-19 public health emergency]" (20 CFR 625.6 [a] [2]; see 15 USC § 9021 [h] [1]; United States Department of Labor, Employment and Training Administration, Unemployment Insurance Program Letter No. 16-20, Change 1, at I-4, available at https://www.dol.gov/
sites/dolgov/files/ETA/advisories/UIPL/2020/UIPL_16-20_Change_1.pdf [last accessed August 25, 2023]).
In determining that claimant was properly charged with a recoverable overpayment [*2]of PUA benefits in the amount of $6,438, the Board relied upon undisputed evidence of claimant's receipt of said benefits calculated at a weekly rate of $404. This initial rate had been calculated based upon claimant's electronic application for PUA benefits, wherein he had indicated that his annual net income for 2019 had been $42,118. Claimant's 2019 tax records indicate, however, that his annual net income had been $1,324. Notably, claimant does not challenge the use of 2019 as the applicable base year, nor does he dispute the accuracy of his 2019 tax documentation. Although he asserts that he filed a paper application for PUA benefits which may have indicated a different annual net income than the electronic application relied upon by the Board, he provides no evidentiary proof in this regard. The record thus supports the Board's finding that claimant's PUA benefits were properly reduced to a weekly rate of $182 and that, based upon this reduction, claimant received a total overpayment of PUA benefits in the amount of $6,438 (see 15 USC § 9021 [d] [1] [A]; [h]; 20 CFR 625.6 [a] [2]; 625.14 [a]). Notwithstanding claimant's assertions as to the origin of the error in his electronic application for benefits, where an individual is found to have received PUA benefits to which he or she was not entitled, such overpayments are recoverable, "whether or not the payment was due to the individual's fault or misrepresentation" (20 CFR 625.14 [a]). Accordingly, claimant was properly charged with recoverable overpayments of PUA benefits in the amount of $6,438 (see 15 USC § 9021 [h]; 20 CFR 625.14 [a]). Claimant's remaining contentions, to the extent not expressly addressed herein, have been considered and found to be without merit.
Garry, P.J., Egan Jr., Fisher and McShan, JJ., concur.
ORDERED that the decision is affirmed, without costs.