Matter of Anazonwu (Commissioner of Labor) (2025 NY Slip Op 07067)

Matter of Anazonwu (Commissioner of Labor)

2025 NY Slip Op 07067

Decided on December 18, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 18, 2025

CV-25-0155
[*1]In the Matter of the Claim of Obiozor Anazonwu, Appellant. Commissioner of Labor, Respondent.

Calendar Date:November 19, 2025

Before:Garry, P.J., Aarons, Pritzker, Powers and Corcoran, JJ.

Obiozor Anazonwu, Brooklyn, appellant pro se.
Letitia James, Attorney General, New York City (Gary Leibowitz of counsel), for respondent.

Pritzker, J.
Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 27, 2024, which ruled, among other things, that claimant was ineligible to receive unemployment insurance benefits because he was unable to file a valid original claim.
Claimant, a Nigerian national who arrived in the United States in 1999, worked for the employer as a security monitor from July 2019 until August 2023. When his employment ended, claimant filed an original claim for unemployment insurance benefits and his base period was established to be April 1, 2022 through March 31, 2023, a time period within which it is undisputed that claimant worked for the employer. The Department of Labor subsequently issued initial determinations that claimant was ineligible to receive benefits finding that he was unable to file a valid original claim because his employment and earnings must be disregarded and that he was not available for work. Thereafter, claimant requested a hearing and testified before an Administrative Law Judge (hereinafter ALJ) that, despite having an expired employment authorization document (hereinafter EAD), he had timely applied for a renewal and was qualified for certain automatic extensions of his expiring EAD pursuant to 8 CFR 274a.13 (d) (1) while his application was pending. By combined decision, the ALJ sustained the initial determinations finding that claimant was unable to file a valid original claim because his base period employment as a noncitizen was not covered employment under Labor Law § 590 and that claimant was ineligible to receive benefits because he was not authorized to work in the United States during the relevant time period and was thus unavailable for work. Moreover, the ALJ found that even if claimant qualified for a 180- or 540-day automatic extension of his expiring EAD, neither would support his claim as neither extension would have covered his base period or the date on which he filed for benefits. The Unemployment Insurance Appeal Board affirmed the ALJ's decision. Claimant now appeals.
We affirm. In order "[t]o file a valid original claim, a claimant must meet certain qualifications and satisfy employment requirements" (Matter of Janakievski [Commissioner of Labor], 149 AD3d 1453, 1453 [3d Dept 2017], lv dismissed & denied 29 NY3d 1101 [2017], citing Labor Law § 527 [1]). Labor Law § 590 (9) (a) requires that "[r]emuneration received by a claimant who was a noncitizen at the time such remuneration was paid shall not be taken into consideration for the purpose of establishing rights to benefits under this article unless the claimant was then lawfully admitted for permanent residence in the United States, was then lawfully present for purposes of performing such services or was then permanently residing in the United States under color of law." The record reflects that claimant possessed an EAD which expired in August 2019 and that he filed an application for renewal prior to its expiration date. However, claimant was [*2]not issued a subsequent EAD until December 2023. Claimant argues that he met all of the criteria which would qualify him for an automatic extension of his EAD for up to 540 days (see 8 CFR 274a.13 [d] [1] [i], [ii], [iii]). However, as "[t]he first day of the automatic extension under this paragraph is the day after the expiration date shown on the face of the expired or expiring [EAD]" (8 CFR 274a.13 [d] [1]), a 540-day extension of claimant's EAD would have expired in February 2021 — over one year before the start of his base period. Since the latest point in time in which claimant's work authorization could have expired had claimant met all necessary criteria was February 2021, and claimant did not receive a renewed EAD until December 2023, his base period employment from April 1, 2022 through March 31, 2023 was not covered under Labor Law § 590 (see Matter of Bruyne [Commissioner of Labor], 95 AD3d 1590, 1591 [3d Dept 2012]; Matter of Enrique [Commissioner of Labor], 13 AD3d 967, 968 [3d Dept 2004]; see also Matter of Magassouba [Commissioner of Labor], 209 AD3d 1089, 1090-1091 [3d Dept 2022]), and, accordingly, substantial evidence supports the Board's finding that claimant was ineligible to file a valid original claim based upon such employment.
Claimant was also ineligible to receive unemployment insurance benefits because he was unavailable for work at the time he filed his claim. "[I]n order to be considered available for work and, therefore, eligible to receive unemployment insurance benefits, a non-United States citizen must have valid authorization to work in the United States" (Matter of Magassouba [Commissioner of Labor], 209 AD3d at 1091 [internal quotation marks, ellipsis and citations omitted]). As previously noted, though claimant filed his claim in September 2023, he did not receive his renewed EAD from the US Citizenship and Immigration Service until December 2023. Inasmuch as the record confirms the absence of documentation establishing that claimant was authorized to work in the United States during the time period in question, we find substantial evidence supports the Board's finding that he was not available for work until December 2023 (see Matter of Magassouba [Commissioner of Labor], 209 AD3d at 1091; Matter of Bruyne [Commissioner of Labor], 95 AD3d at 1591; Matter of Cale [Commissioner of Labor], 46 AD3d 1065, 1066 [3d Dept 2007]; Matter of Okumakpeyi [Commissioner of Labor], 295 AD2d 828, 829 [3d Dept 2002]; Matter of Gibei [Commissioner of Labor], 284 AD2d 784, 785 [3d Dept 2001]). Claimant's remaining contentions, including that a US Citizenship and Immigration Service Notice of Action provided a continuing work authorization, have been examined and found to be either unpreserved or lacking in merit.
Garry, P.J., Aarons, Powers and Corcoran, JJ., concur.
ORDERED that the decision is affirmed, without costs.